1  DAVID GROSSMAN (SBN 211326)
   dgrossman@loeb.com
2  ERIC SCHWARTZ (SBN 266554)
   eschwartz@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, CA  90067
   Telephone: 310.282.2000
5  Facsimile: 310.282.2200

6  Attorneys Specially Appearing for
   Defendants Elizabeth Meriwether,
7  Peter Chernin, and Jacob Kasdan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE COUNTS, et al., | Case No.: 14-CV-000396-SVW-CW |
| Plaintiffs, | Assigned to Hon. Stephen V. Wilson |
| v. | |
| ELIZABETH MERIWETHER, et al., | ***EX PARTE* APPLICATION FOR PROTECTIVE ORDER BY DEFENDANTS ELIZABETH MERIWETHER, PETER CHERNIN, AND JACOB KASDAN** |
| Defendants. | [Declaration of Eric Schwartz re Ex Parte Notice Filed Concurrently Herewith] |
| | Complaint Filed:  January 16, 2014 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

LA2343408.1
666666-66666

*EX PARTE* APPLICATION FOR PROTECTIVE ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendants Elizabeth Meriwether, Peter Chernin, and Jacob Kasdan (collectively, the "Individual Defendants") will, and hereby do, apply *Ex Parte* for a Protective Order pursuant to Rule 5.2(e) of the Federal Rules of Civil Procedure and Local Rules 5.2-1 and 7-19 (the "Application), limiting nonparties' remote electronic access to the Complaint, by placing it under seal, and requiring plaintiffs Stephanie Counts and Shari Gold (collectively, the "Plaintiffs") to file a new Complaint with the Individual Defendants' home addresses redacted.  *See* Complaint [Dkt. No. 1] at pg. 28, ¶ 102 (Merriwether's address); pg. 32, ¶ 126 (Chernin's address); pg. 50, ¶ 237 (Kasdan's adddress), pg. 71 (Merriwether and Chernin's addresses), and pg. 75 (Kasdan's address).

### A. Good Cause Exists For An Order Requiring Redaction Of The Individual Defendants' Home Addresses From The Complaint.

Plaintiffs improperly alleged the home addresses for the Individual Defendants in their Complaint, in express violation of Central District Local Rule 5.2-1 and Federal Rule of Civil Procedure 5.2.  Accordingly, as a matter of law, there is good cause for an order requiring redaction of the Individual Defendants' home address from the Complaint.  Fed. R. Civ. Proc. 5.2(e).  In addition, the fact that the Individual Defendants are prominent Hollywood executives, directors, producers, and writers with a heightened need to keep their home addresses private from the media and the general public, lends further support to a finding of good cause.  *Id.*  Thus, a protective order is warranted here.

### B. Strong Grounds Exist For Granting *Ex Parte* Relief.

Two independent grounds exist for granting *ex parte* relief.  First, the Individual Defendants seek what is essentially a routine administrative order requiring Plaintiffs to comply with Local Rule 5.2-1, prohibiting the inclusion of home addresses in documents filed with the Court.  *In re Intermagnetics Am.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) (*ex parte* relief warranted for "hybrid"

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2343408.1
666666-66666

1

*EX PARTE* APPLICATION FOR
PROTECTIVE ORDER

applications for routine administrative orders). A fully noticed motion under the circumstances would be a waste of the Court's and the parties' time and money. Second, *ex parte* relief is warranted on the grounds that there is a genuine urgency such that immediate and irreparable injury will result if this Court does not grant this Application. *Id.* Given the rapid pace at which confidential information such as the home addresses of prominent celebrities is dispersed to the public via the internet, there is no time to await a noticed motion. In the time that it takes to notice, brief, and hear a noticed motion, the home addresses for the Individual Defendants will have been widely disseminated, causing irreparable harm to their privacy.

### C.  *Ex Parte* Notice.

Pursuant to Local Rule 7-19.1 and this Court's Procedures and Schedules, on January 22, 2014, the Individual Defendants provided Plaintiffs with notice of this Application and informed them that opposing papers must be filed not later than 3:00 p.m. on the first business day succeeding service of the Application. Declaration of Eric Schwartz ("Schwartz Decl.") ¶ 2.

### D.  Attempts To Informally Resolve This Issue Were Unsuccessful.

Prior to filing the Application, in-house counsel for one of the defendant parties to this action repeatedly contacted counsel of record for Plaintiffs in an effort to persuade them to voluntarily redact the Individual Defendants' home addresses from the Complaint. Schwartz Decl. ¶ 3. However, calls to Plaintiffs' counsel on January 16 and January 21, 2014, as well as an email to Plaintiffs' counsel, all remain unanswered. *Id.*

///
///
///
///
///
///

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

LA2343408.1
666666-66666

2

*EX PARTE* APPLICATION FOR PROTECTIVE ORDER

1  The Individual Defendants' *Ex Parte* Application is based upon this
2  Application, the supporting Memorandum of Points and Authorities, the
3  concurrently filed declaration of Eric Schwartz and supporting exhibits, as well as
4  all records and pleadings on file with the Court in this action and on such further
5  evidence and argument as may be presented at or before the time of hearing.

7  Dated:  January 22, 2014

   LOEB & LOEB LLP
   DAVID GROSSMAN
   ERIC SCHWARTZ

   By:  */s/ Eric Schwartz*
   Eric Schwartz
   Attorneys Specially Appearing for
   Defendants Elizabeth Meriwether, Peter
   Chernin, and Jacob Kasdan

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2343408.1
666666-66666

3

*EX PARTE* APPLICATION FOR
PROTECTIVE ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Elizabeth Meriwether, Peter Chernin, and Jacob Kasdan (collectively, the "Individual Defendants") submit this Memorandum of Points and Authorities in support of their *Ex Parte* Application for a Protective Order (the "Application):

## I. INTRODUCTION.

The Individual Defendants ask this Court to issue an order requiring redaction of their home addresses from the Complaint filed by plaintiffs Stephanie Counts and Shari Gold (collectively, "Plaintiffs") on January 16, 2014. *See* Complaint [Dkt. No. 1] at pg. 28, ¶ 102 (Merriwether's address); pg. 32, ¶ 126 (Chernin's address); pg. 50, ¶ 237 (Kasdan's adddress), pg. 71 (Merriwether and Chernin's addresses), and pg. 75 (Kasdan's address).  Redaction of home addresses is a routine task mandated by Local Civil Rule 5.2-1, which rule was inexcusably ignored by Plaintiffs in filing their Complaint.  On that ground, alone, this Court should grant this Application.  Moreover, this Court should grant the instant Application for the additional and independent reason that the Individual Defendants are prominent Hollywood executives, directors, producers and writers with a heightened interest in keeping their addresses private from the media and the public.  As such, redaction of their home addresses from the public record is necessary to avoid irreparable harm to the Individual Defendants.

## II. DISCUSSION.

### A. The Individual Defendants Are Entitled To An Order Requiring Redaction Of Their Home Addresses From The Complaint.

Central District Local Rule 5.2-1 states that, in addition to the redaction requirement of Federal Rule of Civil Procedure 5.2, the filer of a document "shall ensure that any document that contains a home address shall include only the city and state."  Failure to abide by that provision, "may subject [the filer] to the disciplinary power of the Court."  C.D. Cal. L.R. 5.2-1.  In addition, in the event that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2343408.1
666666-66666

4

*EX PARTE* APPLICATION FOR
PROTECTIVE ORDER

a filing reveals a home address, the Court may, upon a showing of good cause, "require redaction of additional information" or "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. Proc. 5.2(e).

The Individual Defendants are entitled to a protective order limiting nonparty access to the Complaint until the Plaintiffs file a new Complaint in which the Individual Defendants' home addresses are redacted. Good cause for a protective order exists as a matter of law, here, as the Local Rules deem home addresses to be private, and requires their redaction. Moreover, the Individual Defendants are celebrities with a heightened interest in keeping their addresses private, further supporting a finding of good cause by this Court. *See* Complaint [Dkt. No. 1] ¶¶ 10 (Peter Chernin "is an entertainment industry power player who was president of News Corporation and ran the Fox Defendants up until 2009"); 77-78 and fn.8 (describing Jake Kasdan as a prominent director and producer, and the son of "eminent director and Hollywood power-player" Lawrence Kasdan); 4 (Elizabeth Meriwether is the author of New Girl - a currently-running television show). Thus, there is good cause to grant the Application.

### B. Strong Grounds Exist For *Ex Parte* Relief.

*Ex parte* relief is warranted, "where there is some genuine urgency such that 'immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition.'" *In re Intermagnetics Am.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) (citing See Fed. R. Civ. P. 65(b) (temporary restraining order)). Moreover, *ex parte* relief is routinely granted for "hybrid" applications, which seek routine administrative orders. *Id.*

*Ex parte* relief is justified here for both reasons. First, the Individual Defendants are seeking what is essentially a routine administrative order asking Plaintiffs to comply with Local Rule 5.2-1, prohibiting the inclusion of home addresses in documents filed with the Court. A fully noticed motion under the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2343408.1
666666-66666

5

*EX PARTE* APPLICATION FOR
PROTECTIVE ORDER

circumstances would be a waste of the Court's and the parties' time and money. Second, given the rapid pace at which confidential information, such as the home addresses of prominent celebrities, is dispersed to the public via the internet, there is no time await a regularly noticed motion.  In the time that it takes to notice, brief, and hear a noticed motion, the home addresses for the Individual Defendants will have been widely disseminated, causing irreparable harm to their privacy.

### III.  CONCLUSION.

For all of the foregoing reasons the Individual Defendants respectfully request that the Court issue a Protective Order limiting nonparty access to the Complaint by placing it under seal until the Plaintiffs file a new Complaint in which the Individual Defendants' home addresses are redacted.

Dated:  January 22, 2014

LOEB & LOEB LLP
DAVID GROSSMAN
ERIC SCHWARTZ

By:  /s/ Eric Schwartz
Eric Schwartz
Attorneys Specially Appearing for Defendants Elizabeth Meriwether, Peter Chernin, and Jacob Kasdan

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

LA2343408.1
666666-66666

6

*EX PARTE* APPLICATION FOR PROTECTIVE ORDER