DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
ERIC SCHWARTZ (SBN 266554)
eschwartz@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

JONATHAN ZAVIN
(Admitted Pro Hac Vice)
jzavin@loeb.com
LOEB & LOEB LLP
345 Park Ave.
New York, NY 10154
Telephone: 212-407-4161
Facsimile: 212-658-9105

Attorneys for the Fox Defendants,
the Meriwether Defendants, the
Chernin Defendants, American
Nitwits and Kasdan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE COUNTS, et al., | Case No.: 14-CV-000396-SVW-CW |
| Plaintiffs, | Assigned to Hon. Stephen V. Wilson |
| v. | **OBJECTIONS TO PLAINTIFFS' IMPROPER SUBMISSIONS FILED IN CONNECTION WITH OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| ELIZABETH MERIWETHER, et al., | |
| Defendants. | |
| | Date: July 21, 2014 |
| | Time: 1:30 p.m. |
| | Courtroom: 6 |
| | Complaint Filed: January 16, 2014 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2371734.3
202894-10020

DEFENDANTS' OBJECTIONS TO IMPROPER
SUBMISSIONS FILED IN OPPOSITION TO
MOTION TO DISMISS

1  Defendants Twenty-First Century Fox, Inc.; Fox Entertainment Group, Inc.;
2  Twentieth Century Fox Film Corporation; Twentieth Television, Inc.; Twentieth
3  Century Fox Home Entertainment, LLC; Twentieth Century Fox Int'l Television,
4  Inc.; Fox Network Group, Inc.; Fox Broadcasting Company; Fox Television
5  Stations, Inc.; Fox International Channels, Inc. (the "Fox Defendants"); Elizabeth
6  Meriwether; and Elizabeth Meriwether Pictures (the "Meriwether Defendants");
7  Jacob Kasdan ("Kasdan"); Brett Baer, David Finkel (Baer and Finkel d/b/a
8  American Nitwits); Peter Chernin; The Chernin Group, LLC; and Chernin
9  Entertainment, LLC (the "Chernin Defendants") (collectively, "Defendants") hereby
10 object to the extrinsic evidence and improper argument submitted in support of
11 Plaintiffs' Response to Defendants' Motion to Dismiss (the "Opposition") on the
12 grounds that the Opposition:

13     (a) significantly violates the page limit requirements of the Local Rules for
14 the Central District of California ("L.R." or "Local Rules") and the New Case Order
15 entered by this Court on January 21, 2014, as Document 11 (the "New Case
16 Order"); and

17     (b) includes improper extraneous material, including an argumentative DVD,
18 that may not be considered by this Court.

19     Defendants respectfully request that this Court strike Plaintiffs' objectionable
20 overlong arguments and improper DVD evidence (Documents 73-2 and 73-3).

21 **I.   MATERIAL FACTS**

22     On June 16, 2014, Plaintiffs filed their Opposition ostensibly consisting of a
23 24-page memorandum of points and authorities, an appended table of authorities, a
24 23-minute DVD, and a 6-page "video comparison." (Document 73.) Although
25 Plaintiffs' Opposition is crafted to appear to be within the applicable page limit set
26 by this Court's New Case Order and the Local Rules, in reality, it far exceeds those
27 limits.
28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2371734.3
202894-10020

1

DEFENDANTS' OBJECTIONS TO IMPROPER
SUBMISSIONS FILED IN OPPOSITION TO
MOTION TO DISMISS

1  Plaintiffs' page count is deceptive as the memorandum is written in a font that
2  is much smaller than the "14-point or larger" size required by this Court.  See L.R.
3  11-3.1.1.  Moreover, although briefs are to be double-spaced, approximately four
4  pages of the memorandum consists of single-spaced "comparisons" between *New*
5  *Girl* and *Square One*.  (Opp., pp. 7-8, 18-26.).

6  In addition, Plaintiffs have submitted, as Exhibit A to their Opposition, six
7  additional pages of argument, consisting of single-spaced "analysis" of *New Girl*
8  and *Square One*.  (Document 73-3.)  Finally, Plaintiffs lodged with the Court a *23-*
9  *minute* video containing additional written text, oral argument, and video clips (the
10 "DVD").  (Document 73-2.)

11 On June 17, 2014, Defendants' counsel informed Plaintiffs' counsel, Francis
12 Malofiy, that Plaintiffs' supplemental "comparison cards" and their argumentative
13 23-minute DVD was in violation of the New Case Order and the Local Rules and
14 requested that Plaintiffs withdraw these improper submissions.  Plaintiffs refused.

15 **II.    OBJECTIONS**

16 **A.    Plaintiffs' Improper Opposition Arguments And DVD Should Be**
17 **Disregarded And Stricken.**

18 Defendants object to Plaintiffs' multi-page Video Comparison (73-3) and
19 related DVD (Document 73-2) on the grounds that they far exceed the page limits
20 set by the New Case Order and Local Rules.  Moreover, these improper submissions
21 simply repeat the same mischaracterizations of the evidence that litter Plaintiffs'
22 Opposition brief, taking random, out-of-context elements from the relevant works,
23 attempting to juxtapose them and arguing that these elements constitute similarities
24 of protectable expression.

25 Defendants respectfully request that the Court exercise its discretion to strike
26 both of these improper supplemental submissions from the record.   Paragraph 3.A.
27 of the New Case Order provides that "memoranda of Points and Authorities in
28 support of or in opposition to motions shall not exceed 25 pages . . . .  These are

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2371734.3
202894-10020

2

DEFENDANTS' OBJECTIONS TO IMPROPER
SUBMISSIONS FILED IN OPPOSITION TO
MOTION TO DISMISS

1  maximum page limits."  The Local Rules further require that the parties use a font
2  that is "14-point or larger" (L.R. 11-3.1.1); that the "lines on each page shall be
3  double-spaced" (L.R. 11-3.2; 11-3.6); and that "[n]o memorandum of points and
4  authorities . . . shall exceed 25 pages in length" (L.R. 11-6).

5  "Judicial economy and concise argument are purposes of the page limit."
6  <u>Aircraft Technical Publishers v. Avantext, Inc.</u>, 2009 U.S. Dist. LEXIS 106524,
7  2009 WL 3833573, at *1 (N.D. Cal. Nov. 16, 2009) (citation omitted).  "A district
8  court's enforcement of local rules assures one party does not have a briefing
9  advantage over an adverse party who complies with the page limitation."  <u>Snyder v.
10 HSBC Bank, USA, N.A.</u>, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012).

11  A wide array of sanctions are available to this Court to address Plaintiffs'
12 disregard of its New Case Order and the Local Rules.  <u>See</u>, <u>e.g.</u> <u>Swanson v. U.S.
13 Forest Serv.</u>, 87 F.3d 339, 345 (9th Cir. 1996) (upholding district court's discretion
14 to disregard briefs filed in circumvention of page limits); <u>Electronic Frontier
15 Foundation v. C.I.A.</u>, 2012 U.S. Dist. LEXIS 47100, 2012 WL 1123529, at *1 (N.D.
16 Cal. April 3, 2012) (striking overlong briefs, and directing parties to re-file briefs
17 that conform to the local rules page limit); <u>Phillippi v. Stryker Corp.</u>, 2010 U.S.
18 Dist. LEXIS 66470, 2010 WL 2650596, at *3-4 (E.D. Cal. July 1, 2010) ($500
19 sanction imposed on counsel for filing brief exceeding local rule limit); <u>King Cnty.
20 v. Rasmussen</u>, 143 F.Supp.2d 1225, 1227 (W.D. Wash. 2001) (striking portion of
21 filing that exceeded local rule page limitation), <u>aff'd</u>, 299 F.3d 1077 (9th Cir. 2002).

22  Plaintiffs, when notified that their submissions were improper under the rules,
23 provided no authority allowing the Court to consider these supplemental,
24 argumentative materials, and Defendants can locate none.

25  Plaintiffs' "comparison cards" are an attempt to submit pages and pages of
26 misleading purported "comparisons" between several different scripts written by
27 Plaintiffs, and over half a dozen episodes of *New Girl*.  The DVD is a twenty-three
28 minute audio-visual presentation that narrates Plaintiffs' improperly-submitted

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2371734.3
202894-10020

3

DEFENDANTS' OBJECTIONS TO IMPROPER
SUBMISSIONS FILED IN OPPOSITION TO
MOTION TO DISMISS

"comparison cards." The DVD contains hearsay arguments and unsupported factual assertions by an unknown speaker (who appears to be someone other than plaintiffs' counsel), it lacks foundation, and it compares out-of-context random elements from many different works in an attempt to create a false impression of copyrightable similarity. This unknown speaker is either making improper and unsworn factual assertions, or is attempting to present twenty-three minutes of oral argument in the guise of an exhibit to a brief. Either way, the comparison cards and supporting video are improper and were submitted in violation of the Court's rules.

## III. CONCLUSION

For the foregoing reasons, Defendants object to Plaintiffs' Video Comparison (73-3) and DVD (Document 73-2) and respectfully request that the Court exercise its discretion to strike those documents from the record.

Dated: June 30, 2014

LOEB & LOEB LLP
JONATHAN ZAVIN
   (ADMITTED PRO HAC VICE)
DAVID GROSSMAN
ERIC SCHWARTZ

By:    */s/ David Grossman*
   David Grossman
   Attorneys for the Fox Defendants,
   the Meriwether Defendants, the
   Chernin Defendants, American
   Nitwits and Kasdan

Loeb & Loeb
A Limited Liability Partnership
Including Professional Corporations

LA2371734.3
202894-10020

4

DEFENDANTS' OBJECTIONS TO IMPROPER SUBMISSIONS FILED IN OPPOSITION TO MOTION TO DISMISS