Francis Malofiy, Esquire
FRANCIS ALEXANDER, LLC
280 N. Providence Rd. | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*
*Pa. Supreme Court ID No.: 208494*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

---

| | |
|---|---|
| STEPHANIE COUNTS;<br>*and*<br>SHARI GOLD<br>*Plaintiffs*<br><br>v.<br><br>ELIZABETH MERIWETHER, *ET AL.*<br>*Defendants* | No.: 2:14-cv-00396<br><br>CASE FILED: Jan. 16, 2014<br><br>THE HONORABLE STEPHEN V. WILSON<br><br>*Motion to Strike Defendants'*<br>*Request for Judicial Notice of 6/30/14;*<br>*Memorandum of Law*<br><br>Date: July 21, 2014<br>Time: 1:30 p.m.<br>Courtroom: 6 |

---

# MOTION TO STRIKE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF 6/30/14

Plaintiffs hereby move to strike Defendants' Request for Judicial Notice of 6/30/14 (*Doc. No. 75*).

*****

*Respectfully submitted,*
FRANCIS ALEXANDER, LLC
/s/ Francis Malofiy
280 N. Providence Rd. | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*
*Pa. Supreme Court ID No.: 208494*
*/d/ July 11, 2014*

Francis Malofiy, Esquire
Francis Alexander, llc
280 N. Providence Rd. | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*
Pa. Supreme Court ID No.: 208494

United States District Court
Central District of California

---

Stephanie Counts;
   *and*
Shari Gold
   *Plaintiffs*

v.

Elizabeth Meriwether, *et al.*
   *Defendants*

No.: 2:14-cv-00396

Case Filed: Jan. 16, 2014

The Honorable Stephen V. Wilson

*Motion to Strike Defendants' Request for Judicial Notice of 6/30/14; Memorandum of Law*

Date: July 21, 2014
Time: 1:30 p.m.
Courtroom: 6

---

## Memorandum in Support of Plaintiffs' Motion to Strike Defendants' Request for Judicial Notice

Defendants have prejudiced Plaintiffs by failing to include the written *New Girl* scripts in their Motion to Dismiss—which are absolutely necessary to the substantial similarity determination—and now improperly attempt to introduce *only one* of many such scripts after all argument on the motion has ceased. It is Plaintiffs' position that it was improper for Defendants to judicially notice new evidence in their reply brief, evidence which was deliberately withheld when Defendants' 12(b)(6) motion to dismiss was first filed. As such this request should be stricken as improper, and Defendants' Motion to Dismiss should be denied as they purposefully failed to include the scripts necessary for the Court to make its determination regarding substantial similarity.

## I. Factual and Procedural Background

Defendants have been hiding the ball from the Court, disingenuously attempting to have Plaintiffs' case dismissed without a full consideration of the matter. Defendants—rather than being forthright and presenting the *New Girl* scripts to the Court and Plaintiffs' counsel in their Motion to Dismiss (*Doc. No. 62*)—instead sought to have the Court compare only the multi-million dollar audiovisual *New Girl* television productions to Plaintiffs' written scripts.

Plaintiffs, in their Response (*Doc. No. 73*) to the motion, made the basic observation that the Court cannot determine that the works are not substantially similar **unless it actually reviews all the material that is alleged to be infringing**, such as the underlying written *New Girl* scripts which were obviously drafted before the multi-million dollar television production was cast, shot, rewritten (multiple times), edited, and distributed. Defendants deliberately chose not to judicially notice these underlying *New Girl* scripts and thus made it impossible for the Court to grant their motion. Nevertheless, even with this manifest handicap Plaintiffs have clearly demonstrated in their Response to Defendants' Motion to Dismiss, as well as their video comparisons, that the audiovisual *New Girl* episodes are substantially similar to the written *Square One* scripts.

Defendants' filed a Reply (*Doc. No. 74*) to Plaintiffs' response brief on June 30, 2014. Along with that Reply, Defendants filed a supplemental Request for Judicial Notice (*Doc. No. 75*) of the pilot script of *New Girl*'s pilot episode, titled "Chicks and Dicks." Apparently, Defendants acknowledge that the Court cannot decide substantial similarity without examining all of the allegedly infringing material.[1] However, belatedly judicially noticing a script for the Court's

---

[1] It should be noted that Defendants only chose to judicially notice the "Chicks and Dicks" pilot script, not any of the other *New Girl* episode scripts. It is also worth noting that while there is a copyrighted "Chicks and Dicks" script, there are other noncopyrighted versions of this "Chicks and Dicks" script available to the public on the internet.

consideration, after Plaintiffs no longer have the ability to respond to the submission, is highly improper and is an attempt to circumvent a just consideration of the matter before the Court. Moreover, Defendants' Reply contained no analysis or reference to the script they request be judicially noticed, making the notice request pointless.

In fact, pointless legal gamesmanship seems to be Defendants' modus operandi from the start of this lawsuit. Consider:

- defense counsel refused to accept service for defendants **that defense counsel already knew they would be representing**—likely trying run out the clock on the 120-day service period—causing Plaintiffs to incur expenses over $1,000 for service of process, which included stake outs.
- Defendants then filed a motion to dismiss asking the Court to dismiss this case on the basis that there is no substantial similarity between *New Girl* and *Square One*. In doing so, Defendants judicially noticed **24 hours of *New Girl* audiovisual episodes**, but failed to mention the copyrighted *New Girl* scripts without which the Court cannot make a determination on substantial similarity. In effect, Defendants were trying to "hide the ball" and have the Court dismiss the case without considering all the material Plaintiffs allege to be infringing.
- Now, after Plaintiffs pointed out the manifest injustice of Defendants' litigation tactics, Defendants judicially notice the copyrighted version of the *New Girl* pilot script after argument on the Motion to Dismiss has ended.[2]

These types of legal tactics are not acceptable and Plaintiffs respectfully ask that Defendants' improper supplemental Request for Judicial Notice be struck. Furthermore, as Plaintiffs stated in their Response to the Motion to Dismiss, Defendants' failure to judicially notice

---

[2] Defendants' Reply does not in anyway reference the Chicks and Dicks pilot script, and in fact argues that the Court need not consider any written *New Girl* material, even if actually copyrighted by Defendants.

or analyze all of the relevant written scripts requires that their Motion to Dismiss be denied as defective.

## II. Legal Standard

It is improper for a party to introduce new evidence and argument in a reply brief at a time when the opposing party has no chance to respond to that evidence and argument. See Beckett v. Brinx Resources, Ltd., No. 3:13-cv-00342 (D. Nev. Nov. 14, 2013). A court may refuse to consider arguments raised for the first time in a reply brief. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citing Koerner v. Grigas, 328 F.3d 1039, 1048 (9th Cir. 2003)). A defendant may not choose to ignore obviously relevant evidence and argument in its initial motion to dismiss (i.e. "hide the ball"), but then address it for the first time in the reply after the plaintiff points out its absence. Beckett, No. 3:13-cv-00342 (D. Nev. Nov. 14, 2013) (stating that when the "new matter raised in [the plaintiff's] Response" was foreseeable to the defendant at the time the motion to dismiss was filed, new argument from the defendant may not be introduced in his reply) (citing Mitchell v. HFS N. Am., Inc., 2:09-CV-02411-GEB, 2011 WL 2961468, at *3 (E.D. Cal. July 20, 2011); Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc., 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991)).

## III. Application

Defendants knew that the copyrighted *New Girl* scripts were alleged to be infringing by Plaintiffs and are necessary to any comparison between *Square One* and *New Girl*. Defendants deliberately chose not to judicially notice these scripts, and instead are trying to have the Court dismiss this case by only comparing the audiovisual *New Girl* episodes to the written *Square One* scripts.

Plaintiffs' Response pointed out that Defendants' failure to judicially notice the *New Girl* scripts prevents the Court from dismissing Plaintiffs' case on substantial similarity grounds. Defendants' Reply continues to claim the Court may dismiss this case by ignoring the written *New Girl* scripts, see Def. Reply at pp.10–11, but Defendants also request that judicial notice of *New Girl*'s copyrighted pilot script be taken. Their Reply does not reference or analyze the pilot script they ask to be judicially noticed in any manner.

Because Defendants knew the *New Girl* scripts were necessary to the substantial similarity determination, but chose not to address them in their original motion, they should not be permitted to surreptitiously introduce them into the record at this late hour. Beckett, No. 3:13-cv-00342. Furthermore, Defendants' Reply in no way references or analyzes the *New Girl* pilot script Defendants attempt to judicially notice, making their request for judicial notice entirely superfluous.

## IV.  Conclusion

Plaintiffs respectfully ask that Defendants' Request for Judicial Notice be struck.

*****

*Respectfully submitted,*

Francis Alexander, llc
/s/ Francis Malofiy
280 N. Providence Rd. | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*
*Pa. Supreme Court ID No.: 208494*
*/d/ July 11, 2014*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing MOTION TO STRIKE DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF 6/30/14 and MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE has been served upon all counsel of record via electronic filing on the date below.

David A. Grossman, Esquire
LOEB & LOEB LLP
10100 Santa Monica Blvd. Suite 2200
Los Angeles, CA 90067
T: (310) 282-2077
F: (310) 919-3943
*Attorney for defendants Elizabeth Meriwether, Elizabeth Meriwether Pictures, Twenty-First Century Fox, Inc., Fox Entertainment Group, Inc., Twentieth Century Fox Film Corporation, Twentieth Television, Inc., Twentieth Century Fox Int'l Television, Inc., Twentieth Century Fox Home Entertainment, LLC, Fox Network Group, Inc., Fox Broadcasting Company, Fox Television Stations, Inc., Fox International Channels, Inc., Peter Chernin, Chernin Entertainment, LLC, The Chernin Group, LLC, Jacob Kasdan*

Jonathan Zavin, Esquire
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
T: (212) 407-4000
F: (212) 407-4990
E: jzavin@loeb.com
*Attorney for defendants Elizabeth Meriwether, Elizabeth Meriwether Pictures, Twenty-First Century Fox, Inc., Fox Entertainment Group, Inc., Twentieth Century Fox Film Corporation, Twentieth-Century Fox Television, Inc., Twentieth Television, Inc., Twentieth Century Fox Int'l Television, Inc., Twentieth Century Fox Home Entertainment, LLC, Fox Network Group, Inc., Fox Broadcasting Company, Fox Television Stations, Inc., Fox Digital Media, and Fox International Channels, Inc.*

Eric B. Schwartz, Esquire
LOEB & LOEB LLP
10100 Santa Monica Boulevard Suite 2200
Los Angeles, CA 90067
T: (310) 282-2000
F: (310) 282-2200
E: eschwartz@loeb.com
*Attorney for defendants Elizabeth Meriwether, Peter Chernin, and Jacob Kasdan*

| | |
|---|---|
| 1 | Michael J. Kump, Esquire |
| 2 | Gregory P. Korn, Esquire |
| 3 | Kinsella Weitzman Iser Kump and Aldisert LLP |
| 4 | 808 Wilshire Boulevard 3rd Floor |
| 5 | Santa Monica, CA 90401 |
| 6 | T: (310) 566-9800 |
| 7 | F: (310) 566-9850 |
| 8 | E: mkump@kwikalaw.com |
| 9 | E: gkorn@kwikalaw.com |
| 10 | *Attorneys for defendant William Morris Endeavor Entertainment, LLC* |
| 11 | ***** |
| 12 | *Respectfully submitted,* |
| 13 | Francis Alexander, llc |
| 14 | /s/ Francis Malofiy |
| 15 | 280 N. Providence Rd. | Suite 105 |
| 16 | Media, PA 19063 |
| 17 | T: (215) 500-1000 |
| 18 | F: (215) 500-1005 |
| 19 | E: francis@francisalexander.com |
| 20 | *Law Firm / Lawyer for Plaintiffs* |
| 21 | *Pa. Supreme Court ID No.: 208494* |
| 22 | */d/ July 11, 2014* |