1  | DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
2  | ERIC SCHWARTZ (SBN 266554)
eschwartz@loeb.com
3  | LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
4  | Los Angeles, CA  90067
Telephone: 310.282.2000
5  | Facsimile: 310.282.2200

JONATHAN ZAVIN
(Admitted Pro Hac Vice)
jzavin@loeb.com
LOEB & LOEB LLP
345 Park Ave.
New York, NY 10154
Telephone: 212-407-4161
Facsimile: 212-658-9105

6  | Attorneys for the Fox Defendants,
7  | the Meriwether Defendants, the
Chernin Defendants, American
8  | Nitwits and Kasdan

9  | MICHAEL J. KUMP (SBN 100983)
mkumpt@kwikalaw.com
10 | GREGORY P. KORN (SBN 205306)
gkorn@kwikalaw.com
11 | KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 Wilshire Blvd., 3rd Floor
12 | Santa Monica, CA  90401
Telephone: 310.566.9800
13 | Facsimile: 310.566.9850

14 | Attorneys for Defendant William Morris
15 | Endeavor Entertainment, LLC

16 |                UNITED STATES DISTRICT COURT

17 |               CENTRAL DISTRICT OF CALIFORNIA

18 | STEPHANIE COUNTS, et al.,                Case No.: 14-CV-000396-SVW-CW

19 |             Plaintiffs,                  Assigned to Hon. Stephen V. Wilson

20 |       v.

21 | ELIZABETH MERIWETHER, et al.,      **JOINT NOTICE OF MOTION
AND MOTION TO DISMISS
22 |             Defendants.             PLAINTIFFS' SECOND
AMENDED COMPLAINT
23 |                                      PURSUANT TO FED. R. CIV.
PROC. 12(B)(6); MEMORANDUM
OF POINTS AND AUTHORITIES**

24 |
[Declaration of David Grossman filed
25 | concurrently herewith]

26 | Date: December 29, 2014
Time: 1:30 p.m.
27 | Courtroom: 6

28 |                                      Complaint Filed:  January 16, 2014

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 29, 2014, at 1:30 p.m., in Courtroom 6 of the above-captioned court, located at 312 N. Spring St., Los Angeles, California 90012, Judge Stephen V. Wilson presiding, Defendants Twenty-First Century Fox, Inc.; Fox Entertainment Group, Inc.; Twentieth Century Fox Film Corporation; Twentieth Television, Inc.; Twentieth Century Fox Home Entertainment, LLC; Twentieth Century Fox Int'l Television, Inc.; Fox Network Group, Inc.; Fox Broadcasting Company; Fox Television Stations, Inc.; Fox International Channels, Inc. (the "Fox Defendants"); Elizabeth Meriwether; and Elizabeth Meriwether Pictures (the "Meriwether Defendants"), Jacob Kasdan ("Kasdan"), Brett Baer, David Finkel (Baer and Finkel d/b/a American Nitwits), Peter Chernin, The Chernin Group, LLC, Chernin Entertainment, LLC (the "Chernin Defendants") and William Morris Endeavor Entertainment, LLC ("WME") will, and hereby do move to dismiss Plaintiffs' Second Amended Complaint.

The Motion to Dismiss is based upon this Motion, the supporting Memorandum of Points and Authorities, the concurrently filed Declaration of David Grossman, all records and pleadings on file with the Court in this action and on such further evidence and argument as may be presented at or before the time of hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 24, 2014.

Dated:  November 28, 2014

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
ERIC SCHWARTZ


By:_____*/s/ David Grossman*_____
David Grossman
Attorneys for the Fox Defendants,
the Meriwether Defendants, the Chernin
Defendants, American Nitwits and
Kasdan

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

1

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

1 | Dated:  November 28, 2014

2 |

3 |

4 |

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP
MICHAEL J. KUMP
GREGORY P. KORN


By: */s/ Michael J. Kump*
        Michael J. Kump
        Attorneys for Defendant William Morris
        Endeavor Entertainment, LLC

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

2

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................... 1

II.   LEGAL STANDARDS FOR MOTION TO DISMISS ................................. 3

III.  PLAINTIFFS' NON-COPYRIGHT CLAIMS SHOULD BE
      DISMISSED WITH PREJUDICE ........................................................... 4

      A.    Plaintiffs' Claim for Breach of Implied-in-Fact Contract is
            Time-Barred and Should Be Dismissed With Prejudice. ............ 4

            1.    The Statute of Limitations Has Run on Plaintiffs'
                  Claim. .......................................................................... 5

            2.    Plaintiffs Failed To Plead Any New Facts To Support
                  The Delayed Accrual Of The Implied-In-Fact Contract
                  Claim. .......................................................................... 6

                  (a)   Equitable Tolling Is Inapplicable. ....................... 7

                  (b)   Equitable Estoppel Is Likewise Inapplicable. ........ 9

            3.    The Contract Claim Should be Dismissed With
                  Prejudice. ................................................................... 10

      B.    Plaintiff's Quantum Meruit Claim is Preempted. ..................... 10

      C.    Plaintiffs' Request for Attribution Does Not State a Claim. ...... 11

      D.    Plaintiffs' Amended Copyright Claims Fail To Correct The
            Deficiencies That Resulted In Dismissal Of The FAC. .............. 12

IV.   CONCLUSION ............................................................................... 14

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

i

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

<u>Acuna v. San Diego Gas & Elec. Co.</u>,
   217 Cal.App.4th 1402, 159 Cal. Rptr. 3d 749
   (Cal. App. Ct. 2013) ...................................................................................... 8

<u>Ashcroft v. Iqbal</u>,
   556 U.S. 662, 129 S.Ct. 1937 (2009) ...................................................... 3

<u>Bell Atlantic Corp. v. Twombly</u>,
   550 U.S. 544, 127 S.Ct. 1955 (2007) ...................................................... 3

<u>Benay v. Warner Bros. Entm't, Inc.</u>,
   607 F.3d 620 (9th Cir. 2010) .................................................................. 5

<u>Butler v. Nat'l Comm. Renaissance of Cal.</u>,
   766 F.3d 1191 (9th Cir. 2014) ................................................................ 7

<u>Firoozye v. Earthlink Network</u>,
   153 F. Supp. 2d 1115 (N.D. Cal. 2001) ........................................... 10, 11

<u>Lantzy v. Centex Homes</u>,
   31 Cal.4th 363 (2003) .............................................................................. 9

<u>Lukovsky v. City and County of San Francisco</u>,
   535 F.3d 1044 (9th Cir. 2008) ................................................................ 9

<u>NBCUniversal Media, LLC v. Superior Court</u>,
   225 Cal.App.4th 1222, 171 Cal. Rptr. 3d 1
   (Cal. Ct. App. 2014) ............................................................................ 5, 6

<u>Reinicke v. Creative Empire, LLC</u>,
   2013 WL 275900 (S.D. Cal. Jan. 24, 2013) .......................................... 11

<u>Sagehorn v. Engle</u>,
   141 Cal. App. 4th 452 (2006) .................................................................. 8

<u>Salameh v. Tarsadia Hotel</u>,
   726 F.3d 1124 (9th Cir 2013) ........................................................ *passim*

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES (CONT'D)</u>

<u>Page(s)</u>

**Other Authorities**

Fed. Rule Civ. Proc. 8 ................................................................................3

Fed. Rule Civ. Proc. 8(a)(2) .......................................................................3

Fed. Rule Civ. Proc. 12(b)(6) .....................................................................3

Rylaarsdam & Turner, <u>Cal. Prac. Guide: Civ. Pro. Before Trial—
   Statute of Limitations,</u> § 6.5 (The Rutter Group 2014) .......................7

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   INTRODUCTION

In this case, Plaintiffs contend that the television show *New Girl* infringes the copyrights in their screenplays entitled *Square One*.  Plaintiffs have four screenplays, which they registered for copyright jointly, but that are individually identified by year; *e.g*., *Square One* (2008).  Plaintiffs' initial complaint asserted three claims for copyright infringement, vicarious infringement, and contributory infringement, and a fourth claim for "Equitable Relief—Right of Attribution." (Dkt. 1.)  In response to Defendants' motion to dismiss the copyright claims for lack of substantial similarity, Plaintiffs filed a First Amended Complaint ("FAC") repeating the same allegations but adding a fifth claim for "Breach of Contract/Quantum Meruit."  (Dkt. 53.)  Defendants then moved to dismiss the FAC, including its claims for copyright infringement and Plaintiffs' tack-on claims for breach of contract, *quantum meruit*, and right of attribution.

The Court granted Defendants' motion with leave to amend, specifically identifying the numerous deficiencies in Plaintiffs' FAC (the "Order").  (Dkt. 86.) On November 14, 2014, Plaintiffs filed a Second Amended Complaint ("SAC"). Inexplicably, Plaintiffs' SAC ignores the Court's Order (including the court's noting that the Federal Rules require that a complaint be "a short and plain statement of the elements of [the] claim," – the SAC is 95 pages long), and simply re-alleges the very same causes of action that were previously dismissed by the Court, without making any substantive changes to the factual allegations that were previously held to be insufficient.

As to the non-copyright claims for breach of contract, *quantum meruit*, and right of attribution, Plaintiffs reasserted these claims without amending them in any meaningful way.  A redline comparing the SAC to the FAC attached to the Grossman Declaration for the Court's convenience.  As is evident, Plaintiffs made only a few, *de minimis*, cosmetic changes to these claims, none of which even

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

1

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

attempt to address the legal shortcomings identified by the Court in its Order dismissing the FAC.

The Court previously held that Plaintiffs' claim for breach of implied-in-fact contract was barred by the governing two year statute of limitations, and Plaintiffs have not alleged any new facts that would support a delayed accrual of their contract claim. For the same reasons explained by the Court in its prior Order, Plaintiffs' *quantum meruit* claim is preempted by the Copyright Act and there are no new facts alleged in the SAC that would preclude dismissal of this defective claim. Plaintiffs' claim for "Equitable Relief—Right of Attribution," which was dismissed by the Court because it "is not based on any right giving rise to an independent claim for relief" was simply duplicated, in its entirety, in the SAC.

In the Order, the Court also held that Plaintiffs failed to sufficiently allege their claims for copyright infringement because those claims were described in a vague manner, and did not put defendants on notice as to what elements of Plaintiffs' various copyrighted works were alleged to have been infringed by Defendants' works. Specifically, the Court dismissed Plaintiffs' copyright infringement claims on the basis that Plaintiffs were mixing and matching various works and were collectively comparing four of their screenplays to: *Chicks & Dicks* (the draft screenplay for the pilot episode of *New Girl*), the pilot episode of *New Girl*, and the first three seasons of the series. The Court held that "it is thus impossible to discern which of Plaintiffs' works was purportedly infringed by which of Defendants' works." In this regard, Plaintiffs' third attempt to draft a cogent pleading fares no better than the first two. The SAC vaguely compares two (instead of four) of Plaintiffs' screenplays to: *Chicks & Dicks*; the pilot episode of *New Girl*, and to the "earlier episodes of Season 1" – although at times Plaintiffs claim the entire "first season of *New Girl*" is an infringing work. Contrary to the Court's Order, Plaintiffs are still relying on alleged similarities from "preliminary drafts" of

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

2

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

the series, including *Chicks & Dicks* which is a draft screenplay of *New Girl's* pilot episode.

The amendments made by Plaintiffs to the SAC do not sufficiently address any of the grounds relied upon by the Court for dismissing the FAC. Therefore, and for the very same reasons outlined in the Court's October 15, 2014 Order, Defendants request that the Court dismiss the SAC, this time, with prejudice.

## II.   LEGAL STANDARDS FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." To survive a motion to dismiss for failure to state a claim, plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). In other words, the complaint must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556).

A complaint must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. Twombly, 550 U.S. at 555, fn. 3. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

A district court's discretion to grant a Rule 12(b)(6) motion and dismiss with prejudice is "'particularly broad' where the plaintiff has previously amended." Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir 2013) (quoting Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996)). In Salameh, the District Court gave plaintiffs "specific instructions on how to amend the complaint, and plaintiffs did not comply." Id. As a result, the District Court

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

3

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

1   dismissed plaintiffs' second amended complaint with prejudice, which the Ninth

2   Circuit affirmed.  Id.  In another case, the District Court dismissed the second

3   amended complaint with prejudice when plaintiffs failed to correct the problems in

4   their prior complaint.  Zucco Partners, 552 F.3d at 1007.  The Ninth Circuit

5   affirmed, holding that "[t]he fact that [plaintiff] failed to correct these deficiencies in

6   its Second Amended Complaint is a strong indication that the plaintiffs have no

7   additional facts to plead.  Accordingly, the district court did not err when it

8   dismissed the SAC with prejudice, since it was clear that the plaintiffs had made

9   their best case and had been found wanting."  Id.  (citations and internal quotations

10  omitted).

## III.   PLAINTIFFS' NON-COPYRIGHT CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

13          In its Order dismissing the FAC, the Court clearly stated the factual and legal

14  deficiencies with respect to Plaintiffs' non-copyright infringement claims – i.e., the

15  fourth cause of action for "Equitable Relief—Right of Attribution" and the fifth

16  cause of action for "Breach of Contract/Quantum Meruit."  Nevertheless, Plaintiffs

17  failed to address these deficiencies and alleged no new substantive facts for any of

18  these claims.  Accordingly, each of those claims should be dismissed, and the

19  dismissal should be with prejudice because it is now clear that amendment would be

20  futile.  Salameh, 726 F.3d at 1133; Zucco Partners, 552 F.3d at 1007.

### A.   Plaintiffs' Claim for Breach of Implied-in-Fact Contract is Time-Barred and Should Be Dismissed With Prejudice.

23          Plaintiffs' SAC re-pleads a fifth cause of action alleging that Defendants

24  breached an implied-in-fact contract to compensate them for any use of their *Square*

25  *One* screenplays.  See SAC, ¶¶ 323-333.  In this case, the Court need not address the

26  merits of Plaintiffs' implied-in-fact contract claim.  As before, the claim is clearly

27  time-barred, and no equitable doctrines rescue Plaintiffs from their failure to file suit

28  within the limitations period.

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

4

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

1.      **The Statute of Limitations Has Run on Plaintiffs' Claim.**

The statute of limitations period on a claim for breach of an implied-in-fact contract is two years, as established by section 339, subdivision (1), of the California Code of Civil Procedure.  Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 632-33 (9th Cir. 2010) (citing Blaustein v. Burton, 9 Cal. App. 3d 161, 185, 88 Cal. Rptr. 319 (Cal. Ct. App. 1970)).  Although an earlier date of accrual is possible in implied-in-fact contract cases, "California courts generally assume that the accrual date is the date on which the work is released to the general public."  Benay, 607 F.3d at 633.  In a recent case, the California Court of Appeal held that a claim by the developers of a television show that the NBC network breached an implied-in-fact contract not to use their concept without compensation accrued on the date the offending series premiered on NBC.  NBCUniversal Media, LLC v. Superior Court, 225 Cal.App.4th 1222, 1230-38, 171 Cal. Rptr. 3d 1 (Cal. Ct. App. 2014).

In their SAC, Plaintiffs again allege that, on February 17, 2011, they learned "for the first time" that a television show called *Chicks and Dicks* was under development.  SAC, ¶ 81; see also FAC, ¶ 76.  The SAC also repeats Plaintiffs' prior allegation that "Stephanie and Shari review a draft of *Chicks and Dicks* on February 21, 2011, and to their shocking dismay conclude their intellectual property was stolen."  See SAC, ¶ 82; see also FAC, ¶ 77.  The SAC again admits that "[o]n September 20, 2011, *New Girl* premieres on defendant Fox Broadcasting Company's channel."  See SAC, ¶ 89; see also FAC, ¶ 83.

Given these admitted facts, the latest that Plaintiffs' implied-in-fact contract claim could have accrued was September 20, 2011 – the premier date for *New Girl*.  NBCUniversal, 225 Cal.App.4th at 1230-38.  As the Court explained in its Order, "because the cause of action accrues as of the date that Defendants first exploited Plaintiffs' idea – whether for the *Square One* pilot or for the entire television series – this accrual date applies to any claim that Plaintiffs might assert based on either the *New Girl* pilot or series."  See Order, p. 9, n. 2 (citing NBCUniversal, 225

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

5

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

Cal.App.4th at 1230-38).)

Accordingly, Plaintiffs needed to file suit on or before September 20, 2013. Plaintiffs, however, did not file this action until January 16, 2014, and they did not allege a claim for breach of an implied-in-fact contract until May 12, 2014 when they filed their FAC.  Whichever date is used, it is clear that, as the Court previously held, Plaintiffs filed this action "after the two year limitations period on their implied-in-fact contract claim ran out" and that "[t]his claim is therefore time barred."  Order, p. 9; see also NBCUniversal, 225 Cal.App.4th at 1230-38.

## 2. Plaintiffs Failed To Plead Any New Facts To Support The Delayed Accrual Of The Implied-In-Fact Contract Claim.

Plaintiffs' Opposition to Defendants' prior motion did not dispute that the limitations period on their contract claim expired before they filed suit.  Instead, Plaintiffs argued that the California doctrines of equitable tolling and/or equitable estoppel should apply to save their contract claim.  See Plaintiffs' 6/16/2014 Opposition ("Opposition"), pp. 22-24.

To support their claim to equitable relief, Plaintiffs previously relied on their allegations in the FAC that, in early-to-mid 2011, they retained a law firm which contacted Defendants and asserted that *New Girl* was infringing.  Opposition, p. 23 (citing FAC, ¶¶ 91-101).  Plaintiffs alleged that their original attorneys told them that their law firm represented Defendant Kasdan, but advised them that no conflict of interest arose from that representation and convinced Plaintiffs that Kasdan should not be named as a defendant.  Id., p. 23 (citing FAC, p. 26, n. 9).  Plaintiffs alleged that for the next year, until "well into February 2012," their law firm "negotiated back and forth with Defendants in an attempt to resolve the matter amicably."  Id., p. 23 (citing FAC, ¶¶ 91-101).   No settlement was reached, however, and Plaintiffs eventually terminated that law firm in February 2012.  Id.

Plaintiffs' Opposition argued that the period during which this law firm represented them – from March/April 2011 to February 2012 – should be equitably

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

6

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

tolled and added to the limitations period.  Id., pp. 23-24.  The Court rejected Plaintiffs' argument because Plaintiffs admitted in their FAC that the law firm disclosed the potential conflict with Kasdan, and negotiated with Fox on Plaintiffs' behalf.  Order, p. 9.  In addition, Plaintiffs did not claim that this alleged conflict caused the law firm to refuse to file suit or to prevent Plaintiffs from filing suit.  Id.  Finally, Plaintiffs retained new counsel in February 2012, well within the two year limitations period.  Id.  Based on these facts, the Court found "that Plaintiffs failed to show that their failure to file the instant suit within the limitations period was reasonable and in good faith."  Id..

With respect to the doctrine of equitable estoppel, which was raised in Plaintiffs' Opposition, the Court held that "Plaintiffs do not allege that Defendants' conduct caused them not to file this action within the limitations period.  Therefore Defendants are not equitably estopped from asserting the statute of limitations."  Order, p. 10.

Plaintiffs have not alleged *any new facts* to support the application of these doctrines.  For the same reasons cited by the Court in its prior Order, equitable tolling and equitable estoppel are inapplicable as a matter of law.

### (a)    Equitable Tolling Is Inapplicable.

Federal courts "borrow our rules for equitable tolling from the forum state, California."  Butler v. Nat'l Comm. Renaissance of Cal., 766 F.3d 1191, 1204 (9th Cir. 2014) (citing Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998 (1989)).  Equitable tolling of the statute of limitations has been recognized in California only in limited circumstances: (1) where plaintiff is pursuing an alternative remedy in another forum; (2) where a lawsuit is erroneously dismissed and plaintiff files an untimely second action; (3) where defendant fraudulently conceals a cause of action; and (4) in certain actions against an insurer.  See Rylaarsdam & Turner, Cal. Prac. Guide: Civ. Pro. Before Trial—Statute of Limitations, § 6.5 (The Rutter Group 2014) (the "Rutter Guide").

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

7

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

As shown by the attached redline of the SAC and FAC, the amended pleading contains no additional facts that support the application of equitable tolling to the statute of limitations defense.  This case does not fit into any of the four limited circumstances (above) in which courts have applied the California doctrine of equitable tolling.  The second and fourth circumstances are, of course, inapposite.  With respect to the third basis for equitable tolling, Plaintiffs do not allege that Defendants fraudulently concealed their cause of action.  To support such an argument, Plaintiffs would have to plead and prove fraudulent conduct by Defendants resulting in concealment of the operative facts that are the basis of the cause of action, Plaintiffs' failure to discover those facts, and Plaintiffs' due diligence upon discovery of those facts.  Sagehorn v. Engle, 141 Cal. App. 4th 452, 460-61 (2006).  No allegation is made that Defendants affirmatively concealed the operative facts giving rise to Plaintiffs' claim for breach of an implied-in-fact contract.  Nor could Plaintiffs plausibly make such an allegation.  Rather, they plead that they knew of the operative facts allegedly giving rise to this claim *more than two years before* they filed suit.  See SAC ¶¶82, 89 (alleging that on February 21, 2011, Plaintiffs "conclude[d] their intellectual property was stolen" and that on September 20, 2011, *New Girl* premiered on network television).

Lastly, Plaintiffs fail to allege facts supporting that this case falls within the first and most common basis for equitable tolling – the pursuit of alternative legal remedies.  The SAC, like the FAC, is explicit that Plaintiffs were *not* pursuing an alternative legal remedy during the time the limitations period was running and then expired.  SAC, ¶106, FAC, ¶101 ("Plaintiffs have never previously filed a lawsuit regarding this matter.").  Attempts at negotiating a settlement do not constitute the pursuit of an alternative legal remedy.  It is well-established that settlement negotiations are not a basis for equitable tolling.  See Acuna v. San Diego Gas & Elec. Co., 217 Cal.App.4th 1402, 1416, 159 Cal. Rptr. 3d 749 (Cal. App. Ct. 2013) ("Informal negotiations or discussions between an employer and employee do not

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

8

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

toll a statute of limitations under the equitable tolling doctrine"). Thus, the Court's determination that equitable tolling did not apply to the FAC applies with equal force to the SAC: Plaintiffs once again fail to show "that their failure to file the instant suit within the limitations period was reasonable and in good faith." Order, p. 9.

### (b) Equitable Estoppel Is Likewise Inapplicable.

Unlike equitable tolling, equitable estoppel prevents a defendant from asserting the statute of limitations as a defense where "his conduct has induced another into forbearing suit within the applicable limitations period." Lantzy v. Centex Homes, 31 Cal.4th 363, 383 (2003) (citations and internal quotations omitted). Under California law, equitable estoppel requires: "(1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of acts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051-52 (9th Cir. 2008) (quoting Honig v. San Francisco Planning Dep't, 127 Cal.App.4th 520, 529, 25 Cal. Rptr. 3d. 649 (Cal. Ct. App. 2005)).

As a matter of law, equitable estoppel does not apply here. The Court previously found (correctly) that Defendants are not equitably estopped from asserting the statute of limitations because Plaintiffs in their FAC did "not allege that Defendants' conduct caused them not to file this action within the limitation period." Order, p. 10. The allegations in the SAC are essentially the same as in the FAC. There is no allegation in the SAC that Defendants said or did anything that "amount[ed] to a misrepresentation bearing on the *necessity* of bringing a timely suit; the defendant's mere denial of *legal liability* does not set up an estoppel." Lantzy, 31 Cal.4th at 384, fn. 18.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

9

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

### 3.      The Contract Claim Should be Dismissed With Prejudice.

As shown above, Plaintiffs have failed to allege facts in their SAC that support the application of the California doctrines of equitable tolling and/or equitable estoppel to the two-year statute of limitations governing Plaintiffs' claim for breach of implied-in-fact contract.  The Court's Order clearly identified the deficiencies in the FAC with respect to both doctrines, and nevertheless, Plaintiffs did nothing to address those issues, let alone cure them in their SAC.  Plaintiffs have no additional facts to plead and the dismissal of Plaintiffs' claim for breach of implied-in-fact contract should be with prejudice.  <u>Salameh</u>, 726 F.3d at 1133; <u>Zucco Partners</u>, 552 F.3d at 1007.

### B.      Plaintiffs' Quantum Meruit Claim is Preempted.

Plaintiffs' fifth claim concludes with an alternative request for "quantum meruit, or all other equitable relief, if the Court decides no relief under breach of contract is possible."  SAC, ¶ 330.  The Court previously held that Plaintiffs' claim for *quantum meruit* was preempted by the Copyright Act, and it cautioned Plaintiffs about re-pleading this claim: "Plaintiffs are advised that the Court is highly skeptical of their ability to plead a claim for quantum meruit that would survive preemption."  Order, pp. 10-11.)  Plaintiffs disregarded the Court's advisement and reasserted the *quantum meruit* claim with only a few meaningless cosmetic changes.

As the Court correctly held last time, Plaintiffs' *quantum meruit* claim is preempted and not cognizable.  In cases such as <u>Firoozye v. Earthlink Network</u>, 153 F. Supp. 2d 1115, 1126 (N.D. Cal. 2001), which the Court cited in its Order, *quantum meruit* claims have been found preempted where, as here, they seek compensation for the defendant's alleged use of a work (such as a screenplay) that falls within the subject matter of the Copyright Act.

The Court previously held that Plaintiffs' *quantum meruit* claim is preempted because, as an implied-in-law claim, it is not premised on a "promise to compensate Plaintiffs for use of their work" and therefore "lacks an 'extra element'

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

10

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

differentiating it from a claim to protect Copyright rights." Order, p. 11. All other cases addressing the issue agree. In <u>Firoozye</u>, plaintiff asserted numerous contract and quasi-contract claims arising from the misappropriation of a software program he developed. 153 F. Supp.2d at 1118-1119. The court held plaintiff's quasi-contract claims preempted, stating: "[W]here the plaintiff's theory of relief is that the defendant has improperly benefitted from using a certain work and that a contract should be implied in law (*e.g.*, a quasi-contract, quantum meruit, or unjust enrichment claim), such claims are preempted." <u>Id.</u> at 1126; <u>see also</u>, <u>e.g.</u>, <u>Reinicke v. Creative Empire, LLC</u>, 2013 WL 275900 at *4 (S.D. Cal. Jan. 24, 2013) ("[T]he Court GRANTS Defendants' motion to dismiss the quantum meruit claim as it is preempted by the Copyright Act to the extent that the allegation is based on Defendant's sale of copies of Plaintiff's Work to the public.").

Plaintiffs did not even try to plead additional facts to show that their claim for *quantum meruit* is viable and not preempted by the Copyright Act. <u>Compare</u> SAC, ¶¶ 323-330 <u>with</u> FAC, ¶¶ 320-324. The claim should therefore be dismissed with prejudice. <u>Salameh</u>, 726 F.3d at 1133; <u>Zucco Partners</u>, 552 F.3d at 1007.

## C.   Plaintiffs' Request for Attribution Does Not State a Claim.

Plaintiffs once again assert a fourth count styled as a claim for "Equitable Relief – Right of Attribution." SAC, ¶¶ 313-322. The Court dismissed the exact same claim in the FAC because it "is not based on any right giving rise to an independent claim for relief," and ruled that the "Copyright Act recognizes only a limited right of attribution, applicable only to works of visual art." Order, p. 11. The Court strongly discouraged Plaintiffs from re-pleading this claim, stating that it "seriously doubts that Plaintiffs can plead a valid claim based on their right to be credited as *New Girl's* creators." <u>Id.</u>, p. 12. Undeterred, Plaintiffs reasserted the claim without changing a word. <u>Compare</u> SAC, ¶¶ 313-322 <u>with</u> FAC, ¶¶ 310-319.

Plaintiffs' unaltered claim for Equitable Relief – Right of Attribution fails for the same reasons set forth in the Court's prior Order. Order, pp. 11-12. The claim

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

11

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

for Equitable Relief – Right of Attribution should be dismissed with prejudice. <u>Salameh</u>, 726 F.3d at 1133; <u>Zucco Partners</u>, 552 F.3d at 1007.

### D. Plaintiffs' Amended Copyright Claims Fail To Correct The Deficiencies That Resulted In Dismissal Of The FAC.

In the FAC, Plaintiffs alleged the existence of a slew of allegedly protectable elements in their four unpublished screenplays/treatments. Plaintiffs asserted that these various elements were infringed by: (1) *Chicks & Dicks*; (2) the pilot episode of *New Girl*; (3) the first three seasons of *New Girl*; and (4) unidentified "re-written scripts for each episode of *New Girl*." <u>See</u> FAC, ¶¶283, 289, 292-294. The Court dismissed Plaintiffs' vaguely-alleged infringement claims stating that "It is thus impossible to discern which of Plaintiffs' works was purportedly infringed by which of Defendants' works."

In their SAC, Plaintiffs allege infringement based on the same group of purportedly protected elements. Plaintiffs now allege that they are limiting their claim to elements arising from two, as opposed to four, of their screenplays. <u>See</u> SAC ¶10. In their new pleading, Plaintiffs again claim that their screenplays are infringed by: (1) *Chicks & Dicks*; (2) the pilot episode of *New Girl*; and (3) the first season of *New Girl*." <u>See</u> SAC, ¶¶267, 281 & 286.

As stated above, in its Order, the Court ruled that, based on the various works identified by Plaintiffs, "it is thus impossible to discern which of Plaintiffs' works was purportedly infringed by which of Defendants' works. Plaintiffs' infringement claim thus fails to put Defendants on adequate notice of the claim asserted and its grounds." Order, p. 7. In response to the Court's Order, Plaintiffs filed the SAC, which at some points appears to restrict Plaintiffs' claim to their "2008" and "2009" screenplays, although Plaintiffs' purported "limitation" may be illusory because they also assert that "it is Plaintiffs' position that all [of their four] scripts were infringed…and Plaintiffs allege all Defendants had access to those scripts." <u>Id.</u>, ¶11, fn. 2. Moreover, although Plaintiffs now allege (in a new footnote to their

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

12

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

SAC) that their claim is based on infringement of their "2008" and "2009" screenplays, the claimed similarities in the body of the SAC detail elements that Plaintiffs identified in their previous Opposition as appearing only in Plaintiffs' earlier (2006 and 2007) works, such as the assertion that the protagonist "realizes her life is a lie" – which is based on Plaintiffs' comparison of their 2006 script with the *Chicks & Dicks* draft screenplay.  Compare SAC ¶31 with Dkt. No. 73, Appx., p. 1.

In addition to Plaintiffs' continued inclusion of elements from all of their screenplays, which is contrary to the Court's Order, Plaintiffs have not identified "which of Defendants' works" were infringed by which of Plaintiffs' works.  Order, p. 7.  Instead, Plaintiffs have simply repeated their list of claimed similarities, but they have not identified which of Plaintiffs' and Defendants' works contain those alleged elements, and not all of them are from the works they now claim are infringing.  Specifically, while Plaintiffs assert that they are now restricting their claim to infringing elements from *Chicks & Dicks*, the pilot episode of *New Girl*, and the first season of *New Girl*, a review of the claimed similarities reveals that plaintiffs are still comparing elements of their 2008/2009 script to episodes from Season 2 of *New Girl*.  In the last row of Plaintiffs' comparison chart included at paragraph 31 of the SAC, Plaintiffs claim that Jess and Nick in *New Girl* "share a passionate kiss."  This happens in Season 2 of *New Girl,* in episode 15.  See Dkt No. 73, Ex. A (video showing selected excerpts from various episodes of New Girl).

Finally, Plaintiffs have also disregarded the Court's ruling that "preliminary drafts are irrelevant to the critical question of substantial similarity…"  Order, p. 7.  Plaintiffs previously alleged in their FAC, and argued in opposition to Defendants' motion to dismiss, that the draft screenplay for *New Girl's* pilot episode, entitled *Chicks & Dicks*, was relevant to their claim of infringement, and that there were numerous additional draft scripts that Plaintiffs had not seen that they believed were properly part of their infringement claim.  See FAC, ¶¶283, 289, 292-294; Dkt. No.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

13

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

73 ("the pertinent analysis is between the *Square One* and *New Girl* scripts, not the audiovisual works Defendants' motion to dismiss focuses on.  Importantly, if the *New Girl* scripts (hidden and undisclosed by Defendants ) are determined to be infringing, then all *New Girl* audiovisual works are infringing derivative works.").  The Court rejected this analysis, holding that, as a matter of Ninth Circuit law, interim scripts are not actionable.  In spite of this ruling, Plaintiffs have again alleged that the draft screenplay *Chicks & Dicks* along with "numerous rewritten scripts for each episode of *New Girl*" are relevant to their claim of infringement.  SAC ¶¶281-282, 286.

Thus, Plaintiffs have ignored the guidance set forth by the Court in its Order.  They filed a new pleading that is virtually indistinguishable from their prior pleading.  Plaintiffs have further reserved their right to claim infringement based on all four of their screenplays which they allege, without any facts, were accessed by all of the Defendants.  Plaintiffs also continue to compare multiple screenplays to interim drafts of *New Girl* screenplays, to the pilot episode of *New Girl*, to the entire first season of *New Girl*, and to unknown 'rewritten scripts for each episode" of *New Girl*.

Because Plaintiffs failed to address the deficiencies identified by the Court in its Order, Defendants request that the Court dismiss Plaintiffs' copyright claims.

## IV.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiffs' Second Amended Complaint be dismissed with prejudice.

Dated:  November 28, 2014

LOEB & LOEB LLP
JONATHAN ZAVIN
DAVID GROSSMAN
ERIC SCHWARTZ


By: */s/ David Grossman*
David Grossman
Attorneys for the Fox Defendants,
the Meriwether Defendants, the Chernin
Defendants, Kasdan, Baer and Finkel

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

14

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 28, 2014

KINSELLA WEITZMAN ISER
KUMP & ALDISERT LLP
MICHAEL J. KUMP
GREGORY P. KORN


By: */s/ Micahel J. Kump*
      Michael J. Kump
      Attorneys for Defendant William Morris
      Endeavor Entertainment, LLC

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2399699.1
202894-10020

MOTION TO DISMISS SECOND AMENDED
COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)