DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
ERIC SCHWARTZ (SBN 266554)
eschwartz@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

JONATHAN ZAVIN
(Admitted Pro Hac Vice)
jzavin@loeb.com
LOEB & LOEB LLP
345 Park Ave.
New York, NY 10154
Telephone: 212-407-4161

Attorneys for the Fox Defendants,
the Meriwether Defendants, the
Chernin Defendants, American
Nitwits and Kasdan

MICHAEL J. KUMP (SBN 100983)
mkumpt@kwikalaw.com
GREGORY P. KORN (SBN 205306)
gkorn@kwikalaw.com
KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 Wilshire Blvd., 3rd Floor
Santa Monica, CA 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Defendant William Morris
Endeavor Entertainment, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE COUNTS, et al., | Case No.: 14-CV-000396-SVW-CW |
| Plaintiffs, | Assigned to Hon. Stephen V. Wilson |
| v. | |
| ELIZABETH MERIWETHER, et al., | **REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| Defendants. | Date: February 9, 2015 |
| | Time: 1:30 p.m. |
| | Courtroom: 6 |
| | Complaint Filed: January 16, 2014 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

# TABLE OF CONTENTS

<b><u>Page</u></b>

I.     INTRODUCTION ...................................................................................1

II.    ARGUMENT. ........................................................................................3

    A.    Plaintiff's Non-Copyright Claims Must Be Dismissed With
        Prejudice. ........................................................................................3

    B.    Plaintiffs' Copyright Claims Fail To Address The Deficiencies
        Identified By The Court In Its October 14, 2014 Order.......................4

    C.    Plaintiffs Have Re-Alleged Previously Dismissed Claims That
        Are Legally And Factually Baseless, Causing Defendants To
        Incur Unnecessary Costs. .................................................................8

III.   CONCLUSION.....................................................................................10

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

i

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

3
                                                                                  **Page(s)**
4
**Statutes**

5
Copyright Act..................................................................................................4

6
**Other Authorities**

7
L.R. 7-3 ........................................................................................................9

8
L.R. 11-9 ......................................................................................................8

9
L.R. 83-7 ......................................................................................................8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

ii

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs' Opposition to Defendants' Motion to Dismiss is remarkable in that it is almost entirely devoted to arguing the issue of substantial similarity, an issue that was not raised, at all, in Defendants' Motion to Dismiss. Plaintiffs' Opposition goes to great lengths to argue the issue of substantial similarity by including charts, comparison cards and appendices, but this issue is not presently before the Court and is, therefore, entirely irrelevant. By submitting their non-responsive Opposition, Plaintiffs have failed to address the legal and factual arguments presented in the Motion to Dismiss.

Defendants moved to dismiss Plaintiffs' claims in the Second Amended Complaint ("SAC") for "Breach of Contract/Quantum Meruit [Count IV]" and for "Equitable Relief – Right of Attribution [Count III, mislabeled Count IV]." These same claims were previously alleged in the First Amended Complaint ("FAC"), and were dismissed without prejudice by the Court for failure to state a claim. As Defendants' present Motion to Dismiss demonstrates, Plaintiffs' SAC ignores the Court's ruling dismissing the FAC and simply re-alleges the same untenable claims without material alteration. Plaintiffs' re-submission of these patently deficient claims forced Defendants to file this second motion to dismiss, in which Defendants have requested that the Court dismiss the same claims, for the very same legal reasons that the Court relied upon to dismiss Plaintiffs' FAC. Plaintiffs do not respond to Defendants' arguments with respect to these claims, or assert that these claims have any legal merit. In fact, Plaintiffs' Opposition brief fails to address the merits of these claims at all. Thus, Plaintiffs have effectively conceded that these claims are fatally defective, and have waived any right to contest the dismissal of the claims with prejudice.

In its prior Order dismissing Plaintiffs' FAC, the Court ruled that Plaintiffs' two copyright infringement claims were not sufficiently stated because Plaintiffs

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

1

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1   had failed to identify "which of Plaintiffs' works was purportedly infringed by
2   which of Defendants' works." Plaintiffs' SAC does little to address this deficiency.
3   Defendants therefore moved to dismiss the SAC's copyright claims [Counts I and II]
4   on the same grounds previously relied upon by the Court – Plaintiffs' failure to "put
5   Defendants on adequate notice of the claim asserted and its grounds." Instead of
6   addressing the Court's prior ruling, and specifying the specific works that are
7   alleged to be infringed, and that are alleged to be infringing, Plaintiffs submitted 154
8   pages and an argumentative video, but virtually all of Plaintiffs' submission is
9   devoted to misplaced arguments regarding substantial similarity, and only three
10  pages (pp. 4-7) of Plaintiffs' submission addresses issues that are presently before
11  the Court.

12          The Court previously held that Plaintiffs did not put Defendants on adequate
13  notice of the copyright infringement claims being asserted because Plaintiffs had
14  alleged that multiple *New Girl* works, including draft scripts, infringed Plaintiffs'
15  works. Plaintiffs, in their SAC and their Opposition Brief, did not narrow their
16  broad, amorphous infringement claims and have not addressed the Court's concerns
17  regarding which of Defendants' works are alleged to be infringing. In the FAC,
18  Plaintiffs alleged that the first two seasons of *New Girl* were infringing, and that the
19  draft pilot screenplay *Chicks & Dicks* was also an infringing work. In the SAC,
20  Plaintiffs state that they are "primarily" claiming that the "early episodes" of *New
21  Girl's* first season are infringing, but Plaintiffs, again, have not limited their claim to
22  those episodes. Plaintiffs' SAC, and their Opposition to the Motion to Dismiss,
23  both claim that Defendants engaged in copyright infringement by creating the
24  *Chicks & Dicks* screenplay. Further, both the SAC and the Opposition brief argue
25  that Plaintiffs' works were infringed by elements contained in the second season of
26  *New Girl*. Thus, Plaintiffs' SAC claims similarities of expression by comparing
27  their works with *Chicks & Dicks*, and by also comparing their works with the first
28

1 | and second seasons of *New Girl*, the very same works that were the subject of the
2 | FAC.

3 | The Court also previously dismissed Plaintiffs' FAC because they had alleged
4 | that all four of their draft screenplays were infringed by innumerable episodes of the
5 | television series *New Girl* (and by the pilot script called *Chicks & Dicks*).  In the
6 | SAC, while Plaintiffs at times assert that only two (instead of four) of their
7 | unpublished screenplays were infringed by Defendants, Plaintiffs have refused to
8 | commit to narrowing their claim – stating that:

9 |
10 | "It is Plaintiff's [sic] position that all scripts were infringed as they are virtually the same story and contain the same artistic expression, other than edits and revisions, and Plaintiffs allege all Defendants had access to those scripts." SAC, p. 5, n.2.
11 |

12 | Plaintiffs have also asserted that they are reserving their right to claim that the same
13 | four scripts identified in the FAC were infringed by Defendants.  Plaintiffs argue
14 | that the SAC has "focused" on two (instead of four) of their unpublished
15 | screenplays, but in the same breath they assert that this "focus" is not a limitation of
16 | their factual claims and that they are doing so "without waiving Plaintiffs' right to
17 | claim infringement and idea theft based on all of the *Square One* scripts."

18 | The SAC does not sufficiently address ***any*** of the grounds relied upon by the
19 | Court to dismiss the FAC.  Therefore, and for the very same reasons outlined in the
20 | Court's October 15, 2014 Order, Defendants request that the Court dismiss the SAC.

21 | **II.   ARGUMENT.**

22 | **A.   Plaintiff's Non-Copyright Claims Must Be Dismissed With**
23 | **Prejudice.**

24 | In their SAC, as in their previously-dismissed FAC, Plaintiffs have alleged
25 | claims for "Breach of Contract/Quantum Meruit" and for "Equitable Relief – Right
26 | of Attribution."

27 | The Court previously ruled that Plaintiffs' claim for breach of implied-in-fact
28 | contract was barred by the two-year statute of limitations.  The Court also ruled that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

3

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1   Plaintiffs' claim for *quantum meruit* was preempted by the Copyright Act.  Finally,
2   the Court dismissed Plaintiffs' claim for "Equitable Relief – Right of Attribution,"
3   holding that: "Plaintiffs' fourth claim is not based on any right giving rise to an
4   independent claim for relief."  10/14 Order, p. 11.

5        On November 14, 2014, Plaintiff filed the SAC re-alleging the very same
6   deficient claims for "Breach of Contract/Quantum Meruit" and for "Equitable Relief
7   – Right of Attribution."  Plaintiffs' breach of implied-in-fact contract claim remains
8   time-barred.  Plaintiffs have not alleged any new facts to support a delayed accrual
9   of their contract claim.  Plaintiffs' claim for *quantum meruit* remains preempted by
10  the Copyright Act.  Plaintiffs have not alleged any additional facts that would
11  preclude dismissal of this claim.  Further, Plaintiffs simply duplicated, in its entirety,
12  their prior improper claim for "Equitable Relief – Right of Attribution."

13       Plaintiffs have not alleged any new facts, and there has been no change in the
14  law.  In their Opposition to the Motion to Dismiss, Plaintiffs do not even attempt to
15  argue that any of these non-copyright claims are defensible; the Opposition, in fact,
16  is completely devoid of any discussion of these claims.[1]  Accordingly, Plaintiffs'
17  regurgitated claims for "Breach of Contract/Quantum Meruit" and "Equitable Relief
18  – Right of Attribution" must be dismissed with prejudice.

19  **B.   Plaintiffs' Copyright Claims Fail To Address The Deficiencies**
20  **Identified By The Court In Its October 14, 2014 Order.**

21       The Court previously dismissed Plaintiffs' copyright claims, holding that
22  Plaintiffs' claims were vague and failed to specify which of Plaintiffs' works were
23  infringed and which of Defendants' works infringed which of Plaintiffs' works.  The
24  Court, in its Order, dismissed Plaintiffs' copyright claims noting that: "Plaintiffs are

25

26       [1] Plaintiffs' reassertion of these unsupportable claims, in spite of the Court's
27  prior ruling, forced Defendants to file another motion to dismiss.  In response,
    Plaintiffs did not even try to defend their reassertion of the claims, which they
28  nevertheless did not offer to withdraw.  This conduct by Plaintiffs is addressed in
    Section C.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

4

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1  granted leave to file an amended complaint that remedies the ambiguities discussed

2  above."

3      As the Court can glean from the redline submitted with Defendants' Motion

4  to Dismiss, Plaintiffs failed to remedy the ambiguities identified by the Court in its

5  Order. Indeed, Plaintiffs have refused to limit their claims in any way, specifying

6  only that, although the SAC is "focused" on two or their four screenplays, their

7  "position" continues to be that all four of their scripts were infringed by Defendants.

8  See Plaintiffs' Opposition, p. 4. Thus, Plaintiffs' FAC alleged that Defendants were

9  liable for infringing all four of Plaintiffs' unpublished screenplays, and the SAC

10  refuses to limit those claims, inconsistently adding a footnote indicating that the

11  SAC is focused on two of their four screenplays while asserting that Plaintiffs are

12  reserving the right to assert that Defendants have infringed all four of their works.

13      In terms of which of Defendants' works are alleged to be infringing,

14  Plaintiffs' FAC asserted that Defendants infringed their works by creating the pilot

15  screenplay for the series – *Chicks & Dicks*, and by creating the first two seasons of

16  *New Girl*. Plaintiffs now say that their claim has been narrowed to "the early

17  episodes" of Season One of *New Girl* (and not specifying which such episodes); yet

18  both Plaintiffs' SAC and Opposition brief belie any such claim. The SAC itself

19  asserts that Plaintiffs' works were infringed by content included in *Chicks & Dicks*.

20  See SAC, ¶31 (Page 11 of 95) (comparing unknown Plaintiffs' works to dialogue

21  "My. Life. Is. A. Lie." appearing in the *Chicks & Dicks* draft screenplay). In their

22  Opposition brief, Plaintiffs argue that this was a "mistake" but in that very same

23  brief Plaintiffs go on to engage in a substantial similarity analysis **using the exact**

24  **same comparison** between unknown portions of their four works and *Chicks &*

25  *Dicks*. See Opposition Brief, p. 13.

26      Similarly, while Plaintiffs argue that they are no longer asserting that the

27  second season of *New Girl* is an infringing work, both the SAC and Plaintiffs'

28  Opposition argue that elements appearing in the second season infringe on

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

5

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

Plaintiffs' works.  Specifically, Plaintiffs allege in the SAC that a "passionate kiss" between two characters on *New Girl*, which takes place during the season two finale, infringes upon one or more of Plaintiffs' four screenplays.  See SAC ¶31 (Page 13 of 95).  Although they argue in the Opposition that they are comparing their works "primarily to the first season of *New Girl*" (Opp. p. 6), in that very same brief, Plaintiffs reiterate their claim that elements of the series' second season are infringing, arguing that Defendants infringed one or more of Plaintiffs' screenplays because two of Defendants' characters "share a passionate kiss" – in the finale of *New Girl's* second season.  See Opposition Brief, p. 15 (this comparison also further demonstrates the random and attenuated nature of the claimed similarities between the multiple works).

Plaintiffs have obstinately refused to narrow their claims or to specify, per the Court's Order, which of Plaintiffs' works and which of Defendants' works will be the subject of the Court's substantial similarity analysis.  Just as Plaintiffs refused to withdraw their defective non-copyright claims, Plaintiffs have re-alleged the same claims of infringement, and have stated that they are unwilling to concede that all four of their works were not infringed by Defendants, or that ***any*** of Defendants' works [i.e., series episodes] are out of bounds for purposes of the infringement analysis.

Finally, Plaintiffs have not withdrawn their allegation that "draft scripts" of *New Girl* are relevant to the infringement analysis.  The Court dismissed the FAC and noted that "preliminary drafts are irrelevant to the critical question of substantial similarity…" Order, p. 7.  Nevertheless, in the SAC, Plaintiffs have again alleged that the draft pilot screenplay, *Chicks & Dicks*, infringes on Plaintiffs' works, and they have further continued to allege that "numerous rewritten scripts for each

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

6

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1   episode of *New Girl*" infringe on their *Square One* screenplays. See SAC ¶¶281-
2   282, 286.[2]

3        As the Court stated in its Order, "Plaintiffs' infringement claim references
4   four copyrighted versions of Plaintiffs' script, Meriwether's "Chicks & Dicks" pilot
5   script, Defendants' pilot episode, and Defendants' multi-season television series. It
6   is thus impossible to discern which of Plaintiffs' works was purportedly infringed by
7   which of Defendants' works." Order, p. 7. There is no substantive difference
8   between the FAC and the SAC – Plaintiffs have included a footnote (Footnote 2) in
9   the SAC that states that the SAC is "focused" on two of Plaintiffs' scripts and
10  compares those works ["which are virtually the same except for very minor
11  differences"] with the pilot episode and the first season of *New Girl*. However,
12  Plaintiffs' purported "focus" is not a binding limitation, as evidenced by Plaintiffs'
13  allegations in the SAC asserting that it continues to be their position that all four of
14  their scripts were infringed, and as further demonstrated by Plaintiffs' argument in
15  the Opposition, which, like the SAC, utilizes vague references to Plaintiffs' works
16  and compares those references to *Chicks & Dicks*, the pilot episode, and two seasons
17  of *New Girl* episodes.

18       For the same reasons articulated by the Court in its October 14, 2014 Order,
19  Defendants request that the Court dismiss Plaintiffs' copyright claims.

20
21
22
23

24       [2] In their motion to dismiss the FAC, Defendants previously submitted
25  extensive argument on this issue, pointing out the defects in Plaintiffs' attempt to
    assert substantial similarity based on a list of unprotectable elements, but that issue
26  is not presently before the Court. Plaintiffs question why Defendants did not argue
    the issue of substantial similarity in their current Motion to Dismiss, but the Court
27  noted, in the October 14, 2014 Order, that it would address the issue of substantial
    similarity at the summary judgment stage. Thus, although Plaintiffs' Opposition
28  argues the issue of substantial similarity at great length, this issue was not briefed or
    raised by Defendants in their present motion.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

7

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

**C.   Plaintiffs Have Re-Alleged Previously Dismissed Claims That Are Legally And Factually Baseless, Causing Defendants To Incur Unnecessary Costs.**

Local Rule 11-9 provides that: "The presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule) subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7."[3]

Plaintiffs' Opposition to the Motion to Dismiss is frivolous. Plaintiffs make no attempt to justify the repeated inclusion of patently defective non-copyright claims in the SAC. Plaintiffs' claims for breach of contract, *quantum meruit* and for right of attribution were barred at the inception of this case, and these claims were never supported by the law or the facts. Defendants moved to dismiss Plaintiffs' original complaint and Plaintiffs responded by filing, on May 12, 2014, their FAC, which was substantively no different from their first complaint. Defendants then moved to dismiss the FAC, and pointed out that Plaintiffs' non-copyright claims were all barred as a matter of law.

In response to Defendants' prior motion, Plaintiffs were unable to put forth any non-frivolous arguments supporting the viability of these claims, and the Court dismissed all of Plaintiffs' non-copyright claims on October 14, 2014. The Court noted in its Order that "Plaintiffs are advised that the Court is highly skeptical of their ability to plead a claim for quantum meruit that would survive preemption" and that "the Court seriously doubts Plaintiffs can plead a valid claim [for attribution] based on their right to be credited as *New Girl's* creators…" Order, pp. 10-11.

---

[3]   Local Rule 83-7 states that "The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to:

(a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;

(b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or

(c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances."

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

8

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1    Undeterred by the Court's guidance, Plaintiffs re-alleged the very same
2    claims, and filed their SAC on November 14, 2014.  Defendants attempted to meet
3    and confer with Plaintiffs under C.D.L.R. 7-3, and called Plaintiffs' counsel to
4    discuss the reasons that Defendants intended to move to dismiss the SAC, including
5    the fact that the non-copyright claims were subject to dismissal for the same reasons
6    previously articulated by the Court.  Defendants left a message for Plaintiffs'
7    counsel detailing these grounds and Plaintiffs' counsel did not respond, and did not
8    engage in any discussion regarding the reasons that Plaintiffs' re-alleged these
9    legally-barred claims.  Then, in their Opposition, Plaintiffs failed to argue, at all, in
10   support of these meritless claims.  These claims should never have been alleged, as
11   they are completely lacking in factual or legal support.  After the Court dismissed
12   these claims, and even warned Plaintiffs that these claims should not be re-alleged
13   absent some new facts or theories, Plaintiffs proceeded to ignore the Court's
14   guidance and simply re-asserted the same baseless claims.[4]

15   Plaintiffs' conduct has unnecessarily increased the cost of litigation, as these
16   claims should have been dismissed, at the very latest, during the Local Rule 7-3
17   meet and confer process.  Although the fees incurred are not excessive, they were
18   incurred for no reason whatsoever, and Plaintiffs' misconduct has forced the Court
19   and counsel to repeatedly address claims that have no legal merit.  Defendants leave
20   to the Court's discretion whether sanctions should be imposed for this conduct, and
21   if the Court so determines, Defendants will submit a request for relief addressing
22   this issue, and detailing the costs and fees incurred in addressing Plaintiffs' non-
23   copyright claims.

24
25
26
_____

27   [4] Plaintiffs have violated the Court's rules in other ways as well; *e.g.*, Plaintiffs' briefs exceed the Court's page limits, with their current submission
28   consisting of a twenty-seven page brief, six pages of "comparison cards" and a video which is, essentially, a supplemental form of oral argument.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

9

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT

1

### III.    CONCLUSION.

2          Defendants respectfully request that the SAC be dismissed with prejudice.

3

4    Dated:  January 12, 2015                    LOEB & LOEB LLP
                                                  JONATHAN ZAVIN
5                                                 DAVID GROSSMAN
                                                  ERIC SCHWARTZ
6

7                                                 By:/s/ David Grossman
                                                       David Grossman
8

9

10                                                KINSELLA WEITZMAN ISER
                                                  KUMP & ALDISERT LLP
11                                                MICHAEL J. KUMP
                                                  GREGORY P. KORN
12

13                                                By:/s/ Michael J. Kump
                                                       Michael J. Kump
14                                                     Attorneys for Defendant William Morris
                                                       Endeavor Entertainment, LLC
15

16

17

18

19

20

21

22

23                         .

24

25

26

27

28

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

LA2404364.5
202894-10020

10

REPLY BRIEF IN SUPPORT OF MOTION
TO DISMISS SECOND AMENDED COMPLAINT