```
                              FILED
                    CLERK, U.S. DISTRICT COURT

                         Mar 4, 2015

                    CENTRAL DISTRICT OF CALIFORNIA
                    BY:      PMC      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE COUNTS and SHARI GOLD,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>ELIZABETH MERIWETHER, et al.,<br>　　　　Defendants. | CASE NO. 2:14-cv-00396-SVW-CW<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT |

I.　**INTRODUCTION**[1]

　　　Plaintiffs Stephanie Counts ("Counts") and Shari Gold ("Gold") argue that Defendants' popular television show, *New Girl*, is not as new as it seems. Instead, Defendants purportedly started from *Square One* (Plaintiffs' copyrighted screenplay), slavishly copying Plaintiffs' material to create *Chicks and Dicks* (the *New Girl* pilot script) and then the first season of *New Girl*. On November 14, 2014, Plaintiffs filed their Second Amended Complaint ("SAC") against twenty-two defendants: Elizabeth Meriwether and Elizabeth Meriwether Pictures (collectively, "Meriwether"); William Morris Endeavor Entertainment, LLC ("WME"); Peter Chernin, the Chernin Group, LLC, and Chernin Entertainment, LLC (collectively, "Chernin"); Twenty-First

---

[1] Upon review of the parties' briefs, the Court concludes that the Motion is suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15.

Century Fox, Inc. and ten related entities (collectively, "Fox"); Jacob Kasdan ("Kasdan"); Brett Baer ("Baer"); David Finkel ("Finkel"); and American Nitwits. (Dkt. 89.) In their SAC, Plaintiffs assert claims for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, "Equitable Relief—Right of Attribution," and "Breach of Contract/Quantum Meruit."

Presently before the Court is Defendants' motion to dismiss Plaintiffs' SAC. (Dkt. 90.) For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

## II. BACKGROUND

The facts are well-known to the parties and are recited at length in the Court's October 15, 2014 Order. (Dkt. 86.) The Court therefore only briefly touches upon the facts as they relate to the instant motion.

Plaintiffs are a professional screenwriting duo. (SAC ¶ 1.) In 2006, they wrote a pilot script titled *Square One*, which is purportedly based on Stephanie's real-life experiences. (*Id.*) Plaintiffs subsequently rewrote *Square One* as a feature-length script. (SAC. ¶ 50.) Plaintiffs are the registered copyright owners of *Square One*. (SAC ¶ 37.) Their copyright registration includes each of the *Square One* scripts written in 2006, 2007, 2008, and 2009. (*Id.*; SAC App. D.)

On February 17, 2011, Plaintiffs purportedly learned that Defendants' *Chicks and Dicks* script pilfered from their *Square One* material. (SAC ¶ 67.) Plaintiffs assert that they confirmed their suspicions by reviewing a draft of *Chicks and Dicks* on February 21, 2011. (SAC ¶ 82.) Defendants' show, *New Girl*, premiered on Fox Broadcasting Company's channel on September 20, 2011. (SAC ¶ 89.)

On October 15, 2014, this Court dismissed Plaintiffs' First Amended Complaint ("FAC"). In its Order, the Court declined to address the issue of substantial similarity because this issue was better suited for a motion for summary judgment than for the motion to dismiss then before the Court. (Dkt. 86: Order at 6.) The Court dismissed Plaintiffs' claims for direct, vicarious, and contributory copyright infringement because Plaintiffs' allegations were too vague

2

to provide Defendants with adequate notice of their claim. (*Id.* at 6–7.) The Court found that Plaintiffs failed to clearly identify which of their four *Square One* scripts they claimed was infringed or by which of Defendants' works it was purportedly infringed.[2] (*Id.*) The Court dismissed Plaintiffs' breach of implied-in-fact contract claim because it was time-barred and because neither equitable tolling nor equitable estoppel applied to Plaintiffs' claim. (*Id.* at 7–10.) The Court dismissed Plaintiffs' quantum meruit claim because it was preempted by the Copyright Act. (*Id.* at 10–11.) The Court further noted that it was "highly skeptical of [Plaintiffs'] ability to plead a claim for quantum meruit that would survive preemption." (*Id.* at 11.) Finally, the Court dismissed Plaintiffs' Right of Attribution claim—noting that it "seriously doubts that Plaintiffs can plead a valid claim based on their right to be credited as *New Girl's* creators[.]" (*Id.* at 11–12.)

## III.   ANALYSIS

Defendants move to dismiss Plaintiffs' SAC on much of the same grounds supporting dismissal of Plaintiffs' FAC. Defendants argue that Plaintiffs' SAC is practically unchanged from their FAC and thus fails to remedy the defects that the Court previously identified.

### A.   Legal Standard for Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 8 requires plaintiffs to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements fo the prima facie case." *Flores v. EMC Mortg. Co.*, — F. Supp. 2d —, No. CV F 14–0047 LJO GSA, 2014 WL 641097, at *4 (E.D. Cal. Feb. 18, 2014) (quoting *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000)). The pleading must give fair notice of the claim asserted and the grounds on which it rests. *Id.* (quoting *Yamaguchi v. United*

---

[2] Defendants assert that the Court also held that preliminary drafts of a script are per se irrelevant to the question of substantial similarity. However, Defendants misunderstand the import of the Court's statement. The Court thus clarifies that a preliminary draft of a purportedly infringing work is irrelevant if that draft is not itself the subject of a plaintiff's claim. *See Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1518 (9th Cir. 1992), *as amended* (Jan. 6, 1993) (stating that cases in which a preliminary draft was deemed irrelevant involved allegations of infringement pertaining only to the final version of the work); *Quirk v. Sony Pictures Entm't Inc.*, No. C 11-3773 RS, 2013 WL 1345075, at *6 (N.D. Cal. Apr. 2, 2013). However, an intermediate form of a work may itself be the subject of an infringement claim. *See Sega*, 977 F.2d at 1519; *Walker v. Univ. Books, Inc.*, 602 F.2d 859, 864 (9th Cir. 1979).

*States Dep't of Air Force*, 109 F.3d 1475, 1481) (9th Cir. 1997)).

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Odom v. Microsoft Corp*, 486 F.3d 541, 545 (9th Cir. 2007).

If a court dismisses the complaint, it will grant leave to amend unless futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### B.     Plaintiffs' Copyright Infringement Claims

Defendants argue that the Court should dismiss Plaintiffs' copyright infringement claims because Plaintiffs' SAC fails to remedy the problems that the Court previously identified. While Plaintiffs' SAC is largely the same as their FAC, it contains a few significant changes. Though it still mentions all four versions of *Square One*, the SAC now specifies that Plaintiffs allege that "*Square One 2008* and *Square One 2009* were copied by Defendants to create the *New Girl* pilot script titled 'Chicks and Dicks' and the first season of *New Girl*." (SAC ¶ 11.) *See also* (SAC ¶ 282) (repeating this allegation under the heading for Plaintiffs' direct infringement claim).

Plaintiffs concededly muddy the waters by stating in a footnote that their position is that all four *Square One* scripts were infringed. (SAC ¶ 11 n.2.) Nevertheless, the footnote goes on to explain that while Plaintiffs do not waive their rights to claim infringement and idea theft based on the other *Square One* scripts, they "have focused the Second Amended Complaint on *Square One 2008* and *Square One 2009*." (*Id.*) They further clarify that, as used in the SAC, "*Square One*" refers to the 2008 and 2009 scripts collectively. (*Id.*) Plaintiffs also state that

4

while they claim that the *New Girl* pilot episode and entire first season are infringing, they focus their similarity analysis primarily on the *New Girl* pilot and earlier season one episodes. (*Id.*)

Further complicating matters, Plaintiffs elsewhere assert that "each and every episode, and seasonal arrangement, of the *New Girl* series is infringing on Plaintiffs' copyrights in *Square One*. (*Id.*) Defendants also argue that the basis for Plaintiffs' copyright infringement claim is unclear because some of the comparisons between *Square One* and *New Girl* pertain either to elements found only in the 2006 or 2007 *Square One* scripts or to elements found only in the second season of *New Girl*.

Though Gold's and Counts's SAC lacks mathematical precision, it is sufficiently clear to notify Defendants of the nature of their claim. The Federal Rules of Civil Procedure require nothing further. *See* Fed. R. Civ. Proc. 8 (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Notwithstanding Plaintiffs' reservation of the right to bring a claim based on the 2006 or 2007 *Square One* scripts, the SAC only asserts claims based on the 2008 and 2009 *Square One* scripts. It is also sufficiently clear that regardless of Plaintiffs' focus, they assert that the *Chicks and Dicks* pilot script and the entire first season of *New Girl* infringe both the 2008 and 2009 scripts. Defendants might find this claim cumbersome, but its contours are plainly discernible. Finally, at this stage it is unimportant that the complaint contains comparisons involving a few elements not contained in these identified works; these discrepancies will be resolved with evidence as the case progresses.

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiffs' claims for direct, vicarious, and contributory copyright infringement.

**C.     Plaintiffs' Non-Copyright Claims**

Defendants argue that Plaintiffs' non-copyright claims are materially the same as those pled in Plaintiffs' FAC and that this Court should dismiss the SAC's claims for the same reasons. In their Opposition, Plaintiffs fail to address any of these arguments. Instead, Plaintiffs shockingly spend nearly twenty pages arguing about substantial similarity—notwithstanding the fact that (in accord with the Court's prior Order) Defendants' motion to dismiss does not raise

this issue.  Plaintiffs' failure to oppose Defendants' motion to dismiss their non-copyright claims could be deemed consent to granting the motion.  *See* Local Rule 7-9.  Nevertheless, the Court addresses the merits of Defendants' arguments.

Defendants correctly argue that Plaintiffs' "Breach of Contract/Quantum Meruit" and "Equitable Relief—Right of Attribution" claims fail to allege new facts remedying the defects identified in the Court's prior Order.  As the Court previously found: (1) Plaintiffs' breach of implied-in-fact contract claim is time barred because it was filed outside of the two-year limitations period and neither equitable tolling nor equitable estoppel applies; (2) Plaintiffs' quantum meruit claim is preempted by the Copyright Act; and (3) Plaintiffs' "Equitable Relief—Right of Attribution" claim is not based on any right giving rise to an independent claim for relief.

For the aforementioned reasons, the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' claim for breach of implied-in-fact contract.  Plaintiffs are GRANTED 30 days to amend their breach of implied-in-fact contract claim, to the extent that it is dismissed without prejudice.  This was Plaintiffs' second attempt to plead a claim for breach of implied-in-fact contract.  The Court therefore puts Plaintiffs on notice that the next dismissal will be with prejudice.

In its October 15 Order, the Court warned Plaintiffs that it had serious doubts as to their ability to plead their quantum meruit and "Equitable Relief—Right of Attribution" claims.  Plaintiffs were thus on notice that the Court might consider amendment futile.  Moreover, this was Plaintiffs' third attempt to plead their right of attribution claim.  In light of the foregoing the Court deems amendment of these claims futile.  The Court therefore DISMISSES WITH PREJUDICE Plaintiffs' quantum meruit[3] and right of attribution claims.

### D. Request for Sanctions

In their Reply, Defendants indicated that they believed sanctions against Plaintiff were warranted and that they would file a request for sanctions.  Defendants have not yet filed such a

---

[3] The Court notes that Plaintiffs assert their quantum meruit and breach of implied-in-fact contract claims as part of one cause of action.  This cause of action is dismissed with prejudice only to the extent that it asserts a claim for quantum meruit.

request.  Regardless, the Court declines to sanction Plaintiffs.

**IV.     ORDER**

1. For the aforementioned reasons, the Court DECLINES Defendants' motion to dismiss Plaintiffs' claims for direct, contributory, and vicarious copyright infringement.

2. For the aforementioned reasons, Plaintiffs' claim for breach of implied-in-fact contract is DISMISSED WITHOUT PREJUDICE.  Plaintiffs are GRANTED LEAVE to amend this claim within 30 days of this Order's issuance.

3. For the aforementioned  reasons, Plaintiffs' claims for quantum meruit and equitable relief–right of attribution, are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 4, 2015

STEPHEN V. WILSON
United States District Judge