## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

| Proceedings: | IN CHAMBERS ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEY'S FEES [170][171]. |
|---|---|

Defendants Elizabeth Meriwether and Elizabeth Meriwether Pictures; Peter Chernin, the Chernin Group, LLC, and Chernin Entertainment, LLC; Twenty-First Century Fox, Inc. and ten related entities; Jacob Kasdan; Brett Baer; David Finkel; and American Nitwits (collectively "Fox Defendants"); and William Morris Endeavor Entertainment, LLC ("WME Defendants") successfully defended a copyright infringement action brought by Plaintiffs Stephanie Counts and Shari Gold (collectively "Plaintiffs"). The Fox Defendants now seek attorney's fees in the amount of $548,772.77. The WME Defendants seek attorney's fees in the amount of $220,063.75. For the reasons stated below, Defendants' motions for attorney's fees are GRANTED. The Court awards the Fox Defendants $548,772.77, and awards the WME Defendants $220,063.75.

### I.     Factual and Procedural Background

The facts are well-known to the parties and are recited at length in the Court's October 15, 2014 and December 30, 2015 Orders. (Dkts. 84 & 166). Therefore, the Court only briefly addresses the facts most pertinent to the present motion.

Plaintiffs filed this action on January 16, 2014. (Dkt. 1). Plaintiffs alleged that Defendants' television show *New Girl* infringed upon Plaintiffs' screenplay *Square One*. After several rounds of motions to dismiss and substantial discovery, Defendants filed for summary judgment on Plaintiffs' remaining claim for copyright infringement. On December 30, 2015, the Court granted Defendants'

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

motion. The Court found that Plaintiffs had not presented a theory of access qualitatively stronger than that of bare corporate receipt and, even assuming there was access, no reasonable jury could find substantial similarity as to any of the objective components of the two works. (Dkt. 166).

On January 13, 2016, Defendants filed the present motions for attorney's fees as the prevailing party in a copyright infringement action. (Dkts. 170 & 171).

## II.     Legal Standard

The Copyright Act, 17 U.S.C. § 505, provides that, "the court in its discretion may allow the recovery of full costs by or against any party . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

"There is no precise rule or formula for making [fee] determinations" in a copyright action; however, several "nonexclusive factors" guide the court's discretion. *Id*. at 534 n.19. These factors include: the degree of success obtained on the claim; frivolousness; motivation; objective unreasonableness (both in the factual and legal components of the case); and the need to advance the considerations of compensation and deterrence. *Id*.; *Maljack Productions v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). The court may also consider "the Copyright Act's primary objective to encourage the production of original [works], the fact that defendants as well as plaintiffs may hold copyrights . . . , the need to encourage defendants who seek to advance a variety of meritorious copyright defenses . . . , and the fact that a successful defense of a copyright action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim . . . ." *Fantasy Inc. v. Fogerty*, 94 F.3d 553, 557-58 (9th Cir. 1996) (quoting *Fogerty*, 510 U.S. at 524-27) (internal quotation marks and citations omitted). The Ninth Circuit has held that "faithfulness to the purposes of the Copyright Act is . . . the pivotal criterion." *Id*. at 558.

## III.     Discussion

### A.  Attorney's Fees are Warranted

The Court finds that the aforementioned factors weigh in favor of awarding reasonable attorney's

Initials of Preparer     :

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

fees in this case.

### 1. Degree of Success Obtained

A party's degree of success in a lawsuit should be considered in determining whether to award attorney's fees. *See Fantasy Inc.*, 94 F.3d at 556. Here, Defendants achieved complete and total success on the merits as Plaintiffs' suit was dismissed at summary judgment. Thus, this favor weighs in favor of awarding attorney's fees to Defendants.

### 2. Objective Unreasonableness

Plaintiffs' lawsuit was objectively unreasonable "both in the factual and in the legal components of the case." *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007). As discussed thoroughly in the Court's Order granting summary judgment, Dkt. 166, Plaintiffs did not offer a theory of access qualitatively stronger than that of bare corporate receipt. In particular, despite Plaintiffs' several theories of access, Plaintiffs did not establish any link between Adam Venit's or David Karp's exposure to *Square One* and Defendant Meriwether, Defendant Chernin, or their agents, Cori Wellins or Rick Rosen.

Moreover, a detailed comparison between *Square One* and *New Girl* revealed that there were no significant points of similarity as to plot, sequence of events, characters, mood and pace, setting, themes, or dialogue. After sifting through various mischaracterizations of the plot and excluding *scenes a faire*, there were no similarities of protectable expression between the works. Accordingly, Plaintiffs' claim for copyright infringement was objectively unreasonable and this favor weighs in favor of awarding attorney's fees to Defendants.

### 3. Motivation, Frivolousness

A finding of bad faith or improper motive is not a prerequisite to an award of attorney's fees, but a court "may be influenced by the plaintiff's culpability in bringing or pursuing the action . . . ." *Fantasy, Inc.*, 94 F.3d at 558. Here, Defendants contend that Plaintiffs' improper motive can be presumed from their decision to file a meritless lawsuit, from their unsupported allegations and blatant mischaracterizations of the works, from unnecessarily suing nineteen different defendants (many of whom had nothing to do with the development of *New Girl*), and from fabricated claims against

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

Meriwether's credibility.

To the extent that Plaintiffs presented unsupported allegations and mischaracterized the works, the Court finds that they acted unreasonably. However, the Court does not find a clear indication that Plaintiffs acted in bad faith. Accordingly, as this is a closer question, the Court finds that these factors are neutral in considering whether to award attorney's fees.

#### 4. Goals of the Copyright Act, Compensation, and Deterrence

The primary objective of the Copyright Act is "to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524. Moreover, as stated above, "a successful defense of a copyright action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim . . . ." *Fantasy Inc*., 94 F.3d at 557-58. Here, Defendants' successful defense of the action vindicates the purposes of the Copyright Act. Defendant Meriwether is the original author of the allegedly infringing work, *New Girl*, and prevailed in this action on the merits. Defendants' success secures the public's access to an original work and encourages the creation of additional original works. Therefore, this factor weighs in favor of awarding attorney's fees. An award of attorney's fees would also serve the purposes of compensation and deterrence in that it will encourage valid copyright owners to fight for the protection of their works, and discourage other plaintiffs from filing similarly meritless copyright suits.

For the foregoing reasons and after consideration of the factors outlined above, the Court finds that an award of attorney's fees is justified in this case.[1]  The Court GRANTS Defendants' motions and considers below whether the requested amounts are reasonable.

#### B.  The Amount Requested is Reasonable

---

[1]  Although Plaintiffs contend they are not independently wealthy, they have not cited any authority suggesting that a losing party's inability to pay should preclude an award of fees where the claim was objectively unreasonable. If the rule were otherwise, indigent plaintiffs could bring wholly frivolous suits against successful authors in the hopes of negotiating a nuisance settlement, without any concern about having to pay attorney's fees if the case were to go forward. This result would be contrary to the purposes of the Copyright Act.

Initials of Preparer ____:____

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

An award of attorney's fees and costs must be reasonable. *Metabolife International, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1221 (S.D. Cal. 2002). The reasonableness of fees is determined by the "lodestar approach" set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar calculation, a reasonable fee is the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The prevailing party bears the burden of establishing the reasonableness of the attorney's hourly rates and must submit sufficient evidence to justify the hours claimed to have been expended. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

### 1. Fox Defendants' Fees

The Fox Defendants request $548,772.77 in attorney's fees for 1,120.4 hours of work between February 27, 2014 and December 15, 2015. (Declaration of Jonathan Zavin ("Zavin Decl.") ¶ 5). Specifically, the Fox Defendants seek attorney's fees for the following efforts of counsel:

- Jonathan Zavin spent 219.1 hours litigating this action, charged at a discounted rate of $701.25/hour.[2] (*Id.* ¶ 13). He is a partner in the Intellectual Property and Entertainment Litigation Practice Group at Loeb & Loeb and has been practicing since 1983. (*Id.* ¶ 6). He received his J.D. from Columbia University School of Law and has litigated hundreds of copyright cases throughout the United States. (*Id.*).
- David Grossman spent 437.2 hours litigating this action, charged at a discounted rate of $552.50/hour.[3] (*Id.* ¶ 13). He is also a partner in the Intellectual Property and Entertainment Litigation Practice Group at Loeb & Loeb and has been practicing since 2000. (*Id.* ¶ 7). He received his J.D., Order of the Coif, from UCLA School of Law and has extensive experience litigating intellectual property matters. (*Id.*).
- Eric Schwartz spent 148.2 hours litigating this action, charged at a discounted rate of $446.25/hour.[4] (*Id.* ¶ 13). He was a former associate at Loeb & Loeb and has been practicing since 2009. (*Id.* ¶ 8). He received his J.D., *cum laude*, from the University of California, Hastings College of Law. (*Id.*).
- Edward Lee spent 107.1 hours litigating this action, charged at a discounted rate of

---

[2] Zavin's standard billing rates were $875/hour in 2015 and $850/hour in 2014.
[3] Grossman's standard billing rates were $700/hour in 2015 and $675/hour in 2014.
[4] Schwartz's standard billing rates were $615/hour in 2015 and $575/hour in 2014.

Initials of Preparer : _____

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|----------|----------------------|------|---------------|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

$488.75/hour.[5]  (*Id.* ¶ 13). He is an associate at Loeb & Loeb and has been practicing since 2008. (*Id.* ¶ 9). He received his J.D. from Benjamin N. Cardozo School of Law, Yeshiva University. (*Id.*).

- Virginia Briseno spent 154.3 hours assisting in this action, charged at a discounted rate of $165.75/hour.[6]  (*Id.* ¶ 13). She is a paralegal at Loeb & Loeb and has more than 35 years of experience as a litigation paralegal and legal assistant. (*Id.* ¶ 10).
- Alexandra Letzel spent 2.8 hours litigating this action, charged at a discounted rate of $340.00/hour.[7]  (*Id.* ¶ 13).
- Other paralegals and litigation support staff spent 51.7 hours assisting in this action, charged at an average discounted rate of $165.75/hour.[8]  (*Id.*).

### a. Reasonableness of Hourly Rates

The fee applicant must establish that his or her fees are reasonable when compared to the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 895 n.11. The relevant community includes "attorneys practicing in the forum district"—that is, the district in which the court sits. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In determining the applicable market rate, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the request rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11.

Here, the Court finds that the hourly rates charged by the Fox Defendants' counsel were reasonable and consistent with the prevailing rates in the Central District for counsel of similar skill and experience. The Fox Defendants have attached a copy of the December 2014 Billing Summary compiled by *The National Law Journal* and published by ALM Legal Intelligence ("NLJ Survey") showing that the billing rates were commensurate with rates charged by attorneys at other large firms in Los Angeles. (Zavin Decl., Ex. B). Moreover, the Fox Defendants have attached a copy of the American Intellectual

---

[5]    Lee's standard billing rate was $615/hour in 2015.
[6]    Briseno's standard billing rate was $340/hour in 2015.
[7]    Letzel's standard billing rate was $415/hour in 2015.
[8]    The average standard billing rate for other paralegals and support staff was $324/hour.

:  _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

Property Law Association's 2015 Report of the Economic Survey ("AIPLA Survey"), which shows that the billing rates were commensurate with rates charged by Intellectual Property partners and associates in Los Angeles in 2014. (Zavin Decl., Ex. C). For example, the AIPLA Survey shows that in 2014, the mean billing rate for an intellectual property partner in Los Angeles was $561/hour, and the third quartile billing rate was $660/hour. In 2014, the mean billing rate for an intellectual property associate was $412/hour, and the third quartile billing rate was $570/hour. While Zavin's rate may have been higher than the average rate for an intellectual property partner, it is still commensurate with the rates for partners with similar skill and experience.[9] Zavin has extensive experience litigating complex copyright matters and has litigated cases including *Petrella v. Metro-Goldwyn-Mayer, Inc., et al.*, *Richlin, et al. v. Metro-Goldwyn-Mayer Pictures, Inc., et al.*, and *Leibovitz v. Paramount Pictures Corp.* (Zavin Decl. ¶ 6). Finally, consistent with the Court's own knowledge and experience, $165.75/hour is a reasonable billing rate for paralegals in Los Angeles. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Therefore, the Court finds that the hourly rates of the Fox Defendants' counsel are reasonable under the circumstances.

### b. Reasonableness of Hours Spent

The Fox Defendants have submitted detailed time records indicating the amount of time spent on each task, the attorney performing the task, and the hourly rate charged. The billing was recorded in tenths of an hour and the time was not "block billed." The Court has reviewed the records and finds the time spent on each task reasonable under the circumstances—1,120.4 hours over nearly two years of litigation.

In general, the Fox Defendants engaged in the following tasks during this case: examining the works at issue (four versions of *Square One* and dozens of episodes of the allegedly infringing series, *New Girl*), researching Plaintiffs' claims and reviewing documents relating to the creation of *New Girl*, preparing the pleadings and initial disclosures, drafting several motions to dismiss, responding to Plaintiffs' written discovery requests, preparing witnesses for depositions and attending nine depositions, engaging an expert witness, drafting the motion for summary judgment, attending Court hearings and conferences, and coordinating with counsel for co-Defendant WME.

---

[9] For example, the NLJ Survey indicates that the average hourly rates for partners in the Los Angeles law firm Irell & Manella are $890/hour.

: _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

The Court is familiar with the amount of time these tasks should reasonably consume—especially considering that the Court spent significant time itself reviewing the works at issue, and reviewing the expert reports offered by both parties. Therefore, the Court finds that the hours expended were reasonable.

For the reasons stated above, the Court finds that the lodestar amount of $548,772.77, which represents 1,120.4 hours of work at rates between $165.75/hour and $701.25/hour, is reasonable.

### 2. WME Defendants' Fees

The WME Defendants request $220,063.75 in attorney's fees for 413.2 hours of work between January 30, 2014 and November 30, 2015. (Declaration of Gregory Korn ("Korn Decl.") ¶ 2). Specifically, the WME Defendants seek attorney's fees for the following efforts of counsel:

- Michael J. Kump spent 149.5 hours litigating this action, charged at $625 to $650 per hour. (Declaration of Michael J. Kump ("Kump Decl.") ¶ 3; Declaration of Gregory Korn ("Korn Decl."), Ex. 2). Kump is one of the founder partners of Kinsella Weitzman Iser Kump & Aldisert LLP ("KWIKA") and has been practicing since 1981. (*Id.* ¶¶ 1, 4). He received his J.D., *cum laude*, from the University of Michigan School of Law and has extensive experience litigating copyright matters. (*Id.* ¶¶ 6-7).
- Gregory Korn spent 224.7 hours litigating this action, charged at $500 to $525 per hour. (Korn Decl. ¶ 5, Ex. 2). Korn is a partner at KWIKA and has been practicing since 1991. (*Id.* ¶ 5). He received his J.D., Order of the Coif, from UCLA School of Law and has substantial experience litigating copyright actions. (*Id.* ¶¶ 5-6).
- Nicholas Soltman spent 37 hours litigating this action, charged at $375 per hour. (*Id.* ¶ 8, Ex. 2). Soltman is an associate at KWIKA and has been practicing since 2010. (*Id.* ¶ 8). He received his J.D. from the University of Chicago Law School and was an associate at Munger, Tolles & Olsen LLP prior to joining the firm. (*Id.*).
- Janet Glick and Jeremy Schneider billed a total of 2 hours at $235 per hour. (*Id.* ¶ 9, Ex. 2). They are experienced paralegals at KWIKA. (*Id.* ¶ 9).

### a. Reasonableness of Hourly Rates

_____ : _____

Initials of Preparer

PMC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|----------|----------------------|------|---------------|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

For the same reasons discussed above with respect to the Fox Defendants' counsel, the Court finds that the hourly rates charged by the WME Defendants' counsel were reasonable and consistent with the prevailing rates in the Central District for counsel of similar skill and experience.

### b. Reasonableness of Hours Spent

The WME Defendants also submitted detailed time records indicating the amount of time spent on each task, the attorney performing the task, and the hourly rate charged. The billing was not "block billed" and each individual task was specified. Having reviewed the records, the Court finds that the hours expended—413.2 hours—were reasonable under the circumstances. Rather than file separate motions and incur additional fees, the WME Defendants coordinated with the Fox Defendants to file joint motions. While Plaintiffs contend the WME Defendants merely filed simple joinder motions to each of the Fox Defendants' filings, WME Defendants' counsel submitted declarations (and the billing records show) that they were involved in preparing all of the motions and coordinated with the Fox Defendants throughout the entire litigation.

Therefore, for many of the same reasons discussed above with respect to the Fox Defendants' counsel, the Court finds that the hours expended by the WME Defendants' counsel were reasonable.

Thus, the Court finds that the lodestar amount of $220,063.75, which represents 413.2 hours of work at rates between $235/hour and $650/hour, is reasonable.

### 3. Plaintiffs' Omnibus Opposition

Plaintiffs primarily contend that attorney's fees should not be awarded because they presented a meritorious and objectively reasonable claim against Defendants. However, the Court has already addressed Plaintiffs' substantive contentions in its Order granting summary judgment and found them meritless. (Dkt. 166). Moreover, as the Court has discussed above, the *Fogerty* factors weigh in favor of awarding attorney's fees.

Plaintiffs also contend that the combined fee request of nearly $800,000 is unreasonable because "defense counsel essentially wrote a motion to dismiss, a motion for summary judgment, and spent a single week in depositions." (Pl. Opp. Mot. Fees, at 12). However, Plaintiffs' contention fails to consider

Initials of Preparer                    :

PMC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:14-cv-00396-SVW-CW | Date | March 9, 2016 |
|---|---|---|---|
| Title | *Stephanie Counts et al v. Elizabeth Meriwether et al* | | |

Defendants' detailed billing statements, which identify all of the work performed. Plaintiffs have not identified any specific hours expended that are unreasonable. *See Fantasy Inc.*, 94 F.3d at 561 ("[B]ecause [plaintiff] does not identify any specific hours expended or hourly rates that are unreasonable, we have no basis for altering the amount awarded."). In addition, Plaintiffs object to WME Defendants' counsel's billing rates because they did not take a leading role in defending the action. (Pl. Opp. Mot. Fees, at 15). However, this is reflected in the reduced hours expended by WME.

Finally, Plaintiffs offer several miscellaneous arguments that are without merit. First, although some of WME's time entries do not offer more detail than "discovery issues" or "deposition issues," these entries are roughly 0.5 hours or 0.75 hours and do not raise the same concerns as when an attorney block-bills in large quantities. Second, the Court may award attorney's fees for work performed on the state law claims previously dismissed during this action. *See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997) (holding that a party is entitled to recover fees as a prevailing party on a copyright claim as well as "any related claims."). Here, the state law claims were based on the same allegations as the copyright infringement claim. Third, Plaintiffs' request for discovery to reveal whether Defendants received any indemnification or insurance is unsupported and unwarranted. *See Pickering v. Holman*, 459 F.2d 403, 407-08 (9th Cir. 1972) (holding that the fact that a third party paid for defendants' litigation costs did not prevent defendants from recovering those costs).

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motions for attorney's fees. The Court awards the Fox Defendants $548,772.77, and awards the WME Defendants $220,063.75. The parties shall file a proposed amended judgment consistent with this Order.

Initials of Preparer

PMC